PAUL ALSTON             1126-0
NICKOLAS A. KACPROWSKI     8627-0
JOHN RHEE               9681-0
CHRISTINE BELCAID       10125-0

DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, Hawai`i  96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
E-mail:    paul.alston@dentons.com
          nickolas.kacprowski@dentons.com
          john.rhee@dentons.com
          christine.belcaid@dentons.com

Attorneys for Defendants
HAWAIIAN AIRLINES, INC. and
HAWAIIAN HOLDINGS, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| RIKI O'HAILPIN, NINA ARIZUMI, ROBERT ESPINOSA, ERWIN YOUNG, PUANANI BADIANG, SABRINA FRANKS, RONALD LUM, DANI SAIKI, and BRANDEE AUKAI, on their own behalf and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  vs.<br><br>HAWAIIAN AIRLINES, INC. and HAWAIIAN HOLDINGS, INC.,<br><br>        Defendants. | Civil No.: 1:22-cv-00532-JAO-RT<br><br>**DEFENDANTS HAWAIIAN AIRLINES, INC. AND HAWAIIAN HOLDINGS, INC.'S ANSWER TO COMPLAINT [DKT. 1]**<br><br><br><br><br><br><br><br>Trial Date:  June 3, 2024<br>Trial Judge:  Honorable Jill A. Otake |

## DEFENDANTS HAWAIIAN AIRLINES, INC. AND
## HAWAIIAN HOLDINGS, INC.'S ANSWER TO COMPLAINT

Defendant HAWAIIAN AIRLINES, INC. ("Hawaiian") and Defendant

HAWAIIAN HOLDINGS, INC. ("Holdings" and collectively with Hawaiian,

"Defendants"), by and through their attorneys Dentons US LLP, hereby answers

the Class Action Complaint ("Complaint") filed by Plaintiffs RIKI O'HAILPIN

("O'Hailpin"), NINA ARIZUMI ("Arizumi"), ROBERT ESPINOSA ("Espinosa"),

ERWIN YOUNG ("Young"), PUANANI BADIANG ("Badiang"), SABRINA

FRANKS ("Franks"), RONALD LUM ("Lum"), DANI SAIKI ("Saiki"), and

BRANDEE AUKAI ("Aukai") (collectively, "Plaintiffs") on December 12, 2022

as follows:

### FIRST DEFENSE

1.      The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

2.      Defendants are without information or knowledge sufficient to form a

belief as to the truth or falsity of the allegations contained in paragraph 1 of the

Class Action Complaint ("Complaint"), and on that basis, denies them and leave

Plaintiffs to their proof.

3.      In answer to the allegations contained in paragraph 2 of the

Complaint, Defendants admit this lawsuit was filed as a class action.  Defendants

are without information or knowledge sufficient to form a belief as to the truth or

falsity of the allegation regarding why this class action is brought, and on that basis, deny the allegation that this class action is brought to remedy any alleged pattern of discrimination and leave Plaintiffs to their proof.  Defendants deny the remaining allegations contained in paragraph 2 of the Complaint, and on that basis deny the allegations and leave Plaintiffs to their proof.

4.     Defendants deny the allegations in paragraph 3 of the Complaint.

5.     In answer to the allegations contained in paragraph 4 of the Complaint, Defendants admit that an article published on January 4, 2022 by Hawai`i News Now states that Hawaiian CEO Peter Ingram stated, "We've had a transitional testing program in place which is going to end early in the new year and I expect that we'll get to the end of that very soon and we'll have a workforce active workforce that is 100% vaccinated."  Defendants deny the remaining allegations contained in paragraph 4 of the Complaint and leave Plaintiffs to their proof.

6.     Defendants deny the allegations in paragraph 5 of the Complaint.

7.     In answer to the allegations contained in paragraph 6 of the Complaint, Defendants admit that it had stated in response to the January 10, 2022 Application for Temporary Restraining Order by some of the current Plaintiffs in Case 1:22-cv-00007-JAO-KJM (the "prior vaccine litigation") that, in addition to the enormous cost, burden, and inefficiency of running a testing program, forcing

2

hundreds of unvaccinated employees back into the workforce would have reduced employee and passenger safety from COVID-19 and would have led to operational issues. Defendants deny the remaining allegations in paragraph 6 of the Complaint and leave Plaintiffs to their proof.

8. Defendants deny the allegations in paragraph 7 of the Complaint and any and all footnotes thereto.

9. In answer to the allegations contained in paragraph 8 of the Complaint, Defendants admit that in or around the end of February or early March 2022, Hawaiian's Chief Operating Officer Jon Snook and Hawaiian's Senior Vice President of Human Resources Robin Kobayashi discussed after the end of a company webcast the possibility of returning unvaccinated employees to work at an undesignated future time. Defendants deny the remaining allegations in Paragraph 8 of the Complaint and leave Plaintiffs to their proof.

10. In answer to the allegations contained in paragraph 9 of the Complaint, Defendants admit that Hawaiian's "real goal" was safety; no one ever doubted the seriousness of the pandemic; and Hawaiian was obligated to follow Title VII and the ADA. Defendants deny the remaining allegations in paragraph 9 of the Complaint and on that basis leave Plaintiffs to their proof.

11. In answer to the allegations contained in paragraph 10 of the Complaint with respect to Title VII, Defendants admit: (1) Title VII requires a

3

covered employer, upon notice of a request, to reasonably accommodate employees whose sincerely held religious beliefs, practices or observances conflict with work requirements, unless the accommodation would create an undue hardship; (2) an accommodation may cause undue hardship if it is financially costly, compromises workplace safety, decreases workplace efficiency, infringes on the rights of other employees, or requires other employees to do more than their share of potentially hazardous or burdensome work; (3) undue hardship also may be shown if the request for an accommodation violates the terms of a collective bargaining agreement or job rights established through a seniority system; and (4) undue hardship based on financial cost requires that the employer show more than a de minimis cost to the employer.  In further answer to the allegations in Paragraph 10 of the Complaint with respect to the ADA, Defendants admit: (1) the ADA requires a covered employer to, upon notice of a request, provide reasonable accommodation to qualified individuals with disabilities who are employees or applicants for employment, unless to do so would cause undue hardship; and (2) a determination of undue hardship can be based on several factors, including but not limited to the nature and cost of accommodation needed, the overall the overall financial resources of the employer making the reasonable accommodation, the number of persons employed, the effect on expenses and resources of the employer, the type of operation of the employer, and the impact of the

accommodation on the operation of the employer.  Defendants deny the remaining allegations in paragraph 10 of the Complaint, and on that basis leave Plaintiffs to their proof.

12.     Defendants deny the allegations in paragraph 11 of the Complaint.

13.     In answer to the allegations contained in paragraph 12 of the Complaint with respect to Title VII, Defendants admit that the "CDC Report" (published in the Morbidity and Mortality Weekly Report on January 28, 2022) that the Plaintiffs cite and whose link is provided in paragraph 12 contains the following statement in its "Summary" section: "By early October [of 2021], persons who survived a previous infection had lower case rates than persons who were vaccinated alone").  Defendants deny the remaining allegations in Paragraph 12 of the Complaint, and on that basis leave Plaintiffs to their proof.

14.     In answer to the allegations contained in paragraph 13 of the Complaint, Defendants admit that Exhibit 2 to the Complaint states, "[a]s of January 24, 2022, CDC no longer requires this information to be submitted by CDC employees"; however, it is unclear to what "this information" refers.  Thus, Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegation that the CDC stopped requiring the vaccine or even asking employees for their COVID-19 vaccination status as of January 24, 2022, and on that basis denies those allegations and leaves Plaintiffs to their proof.

Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegation that "the CDC never terminated any unvaccinated employee," and on that basis, deny that allegation and leave Plaintiffs to their proof.  Defendants deny the remaining allegations in paragraph 13 of the Complaint and leave Plaintiffs to their proof.

15.    In answer to the allegations contained in paragraph 14 of the Complaint, Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegation that "in addition to testing and recognition of natural immunity, it could have asked unvaccinated employees to wear masks" because there is no time period indicated, and as Plaintiffs are aware, the science regarding COVID-19 changed over the course of the pandemic.  On that basis, Defendants deny those allegations and leave Plaintiffs to their proof. Defendants deny the remaining allegations in paragraph 14 of the Complaint and leave Plaintiffs to their proof.

16.    Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 of the Complaint, and on that basis deny them and leave Plaintiffs to their proof.

17.    In answer to the allegations contained in paragraph 16 of the Complaint, Defendants admit that the abstract the Plaintiffs cite (*Sivan Gazit, et al.*, Comparing SARS-CoV-2 natural immunity to vaccine-induced immunity:

6

reinfections versus breakthrough infections, MEDRXIV [preprint] (Aug. 25, 2021), https://www.medrxiv.org/content/10.1101/2021.08.24.21262415v1) contains the following sentence in the "Results" section: "SARS-CoV-2-naïve vaccinees had a 13.06-fold (95% CI, 8.08 to 21.11) increased risk for breakthrough infection with the Delta variant compared to those previously infected, when the first even (infection or vaccination) occurred during January and February of 2021." Defendants deny the remaining allegations in paragraph 16 of the Complaint and leave Plaintiffs to their proof.

18.    In answer to the allegations contained in paragraph 17 of the Complaint, Defendants are without information or belief sufficient to form a belief as to the truth or falsity of the following allegations: "That decision haunted not just the Plaintiffs but others similarly situated who were forced into an impossible choice between their jobs and their health and/or faith, and were made to consider daily if they were doing the right thing or should just take the vaccine to provide for their families (also a religious belief)." On that basis, Defendants deny those allegations and leave Plaintiffs to their proof. Defendants deny the remaining allegations in paragraph 17 of the Complaint and leave Plaintiffs to their proof.

19.    In answer to the allegations contained in paragraph 18 of the Complaint, Defendants admit that in August 2021, Hawaiian announced to its employees that as of November 1, 2021, Hawaiian would require all U.S.-based

employees to be vaccinated against COVID-19 unless they had a reasonable accommodation for a disability as defined under the Americans with Disabilities Act ("ADA") or a sincerely held religious belief that conflicted with their ability to receive the COVID-19 vaccine.  Defendants deny the remaining allegations in Paragraph 18 of the Complaint, and on that basis leave Plaintiffs to their proof.

20.    In answer to the allegations contained in paragraph 19 of the Complaint, Defendants admit that the CDC's "Summary of Guidance" document, published on August 19, 2022 and cited by Plaintiffs, contains the statement: "CDC's COVID-19 prevention recommendations no longer differentiate based on a person's vaccination status because breakthrough infections occur, though they are generally mild (16), and persons who have had COVID-19 but are not vaccinated have some degree of protection against severe illness from their previous infection (17)."  Defendants deny the remaining allegations in paragraph 19 of the Complaint, and on that basis leave Plaintiffs to their proof.

21.    Defendants deny the allegations in paragraph 20 of the Complaint.

22.    In answer to the allegations contained in paragraph 21 of the Complaint, Defendants admit: (a) Plaintiff O'Hailpin is a Flight Attendant with Hawaiian based out of Honolulu; (b) Plaintiff O'Hailpin requested a religious accommodation from Hawaiian's vaccine mandate; (c) Hawaiian denied that religious exemption request; (d) Plaintiff O'Hailpin also requested a medical

8

accommodation; (e) Hawaiian denied that medical accommodation request; and (f) Plaintiff O'Hailpin was on unpaid leave from January to October 31, 2022. Defendants are without information or belief sufficient to form a belief as to the truth or falsity of the following allegations: (a) whether Plaintiff O'Hailpin requested a medical accommodation based on her doctor's recommendation; and (b) whether Plaintiff O'Hailpin's leave was unwanted.  On that basis, Defendants deny these allegations and leave Plaintiffs to their proof.  Defendants deny the remaining allegations in paragraph 21 of the Complaint and leave Plaintiffs to their proof.

23.     In answer to the allegations contained in paragraph 22 of the Complaint, Defendants admit: (a) Plaintiff Arizumi was a Flight Attendant with Hawaiian based out of Honolulu; (b) Plaintiff Arizumi requested a religious accommodation from Hawaiian's vaccine requirement; (c) Hawaiian denied that request; (d) Plaintiff Arizumi also requested a medical accommodation; and (e) Hawaiian denied the medical accommodation request; (f) Plaintiff Arizumi was informed in her religious accommodation denial letter that if she chose to remain unvaccinated and did not elect to take the offered up to one year of unpaid leave, her employment would be terminated; (g) Hawaiian terminated Plaintiff Arizumi; and (h) Hawaiian later removed the vaccine requirement.  Defendants are without information or belief sufficient to form a belief as to the truth or falsity of the

9

following allegations: (a) whether Plaintiff Arizumi has sincerely held religious beliefs in a Shinto sect; (b) whether Plaintiff Arizumi requested a medical accommodation based on her doctor's recommendation.  On that basis, Defendants deny these allegations and leave Plaintiffs to their proof.  Defendants deny the remaining allegations in paragraph 22 of the Complaint and leave Plaintiffs to their proof.

24.    In answer to the allegations contained in paragraph 23 of the Complaint, Defendants admit: (a) Plaintiff Espinosa is a First Officer with Hawaiian based out of Honolulu; (b) Plaintiff Espinosa requested a religious exemption from the COVID-19 vaccine requirement; (c) Hawaiian denied Plaintiff Espinosa's exemption request stating in part, "While your personal preference is couched against the context of your religious beliefs it itself is not a sincere religious objection in actual conflict with your vaccine requirement"; and (d) Plaintiff Espinosa was on unpaid leave for more than nine months.  Defendants are without information or belief sufficient to form a belief as to the truth or falsity of the following allegations: (a) Plaintiff Espinosa is a teaching pastor at his local church in Makakilo; and (b) why Plaintiff Espinosa requested a religious exemption.  On that basis, Defendants deny these allegations and leaves Plaintiffs to their proof.  Defendants deny the remaining allegations in paragraph 23 of the Complaint and leave Plaintiffs to their proof.

10

25.     In answer to the allegations contained in paragraph 24 of the

Complaint, Defendants admit: (a) Plaintiff Young was a Lead Aircraft Technician

with Hawaiian at the Daniel K. Inouye International Airport in Honolulu; (b)

Plaintiff Young requested a religious accommodation from Hawaiian's vaccine

requirement; (c) Plaintiff Young's accommodation request form states, "I believe

that my body is the temple of the Holy Spirit" and "I should not contaminate my

body, The Temple, with this specific injection"; (d) Hawaiian interviewed Plaintiff

Young on November 15, 2021; (e) Hawaiian's letter denying Plaintiff Young's

accommodation request states undue hardship as a reason for the denial and

explained that Hawaiian could not safely accommodate Plaintiff Young due to

undue hardship; and (f) Hawaiian terminated Plaintiff Young.  Defendants deny

the remaining allegations in paragraph 24 of the Complaint and leaves Plaintiffs to

their proof.

26.     In answer to the allegations contained in paragraph 25 of the

Complaint, Defendants admit: (a) Plaintiff Badiang was an Instructor at Hawaiian;

(b) Plaintiff Badiang requested an accommodation from Hawaiian's vaccine

requirement based on her sincerely held religious belief as allegedly described in a

letter from the Senior Pastor of Plaintiff Badiang's alleged online congregation; (c)

the letter refers to "vaccine developed from animal and aborted human fetal

tissue"; (d) Hawaiian's letter denying Plaintiff Badiang's accommodation request

11

states undue hardship as a reason for the denial and explained that Hawaiian could

not safely accommodate Plaintiff Badiang; (e) Plaintiff Badiang was interviewed

on November 1, 2021 where she was asked about her religious beliefs based in part

on the letter she provided from Pastor Farag; (f) Plaintiff Badiang is the only

currently named plaintiff in this lawsuit who was not part of a union; and (g)

Plaintiff Badiang retired in January 2022.  Defendants deny the remaining

allegations in paragraph 25 of the Complaint and leave Plaintiffs to their proof.

27.     In answer to the allegations contained in paragraph 26 of the

Complaint, Defendants admit: (a) Plaintiff Franks was a Customer Service Agent

for Hawaiian at the Daniel K. Inouye International Airport in Honolulu; (b)

Plaintiff Franks requested a religious accommodation from Hawaiian's vaccine

mandate; (c) Hawaiian denied that request; and (d) Hawaiian terminated Franks

when she failed to comply with the vaccine policy.  Defendants are without

information or belief sufficient to form a belief as to the truth or falsity of the

allegations regarding measures she took while working in the Hawaiian lounges

and her interactions with others during that time, and on that basis, Defendants

deny these allegations and leaves Plaintiffs to their proof.  Defendants deny the

remaining allegations in paragraph 26 of the Complaint and leave Plaintiffs to their

proof.

28.     In answer to the allegations contained in paragraph 27 of the

Complaint, Defendants admit: (a) Plaintiff Lum was a Captain with Hawaiian

based out of Honolulu; (b) Plaintiff Lum requested a religious accommodation; (c)

Hawaiian denied this request for religious accommodation; (d) Plaintiff Lum also

submitted a request for a medical accommodation; (e) Hawaiian denied this request

for medical accommodation; and (f) Plaintiff Lum was placed on unpaid leave and

retired in August 2022.  Defendants are without information or belief sufficient to

form a belief as to the truth or falsity of the allegations pertaining to the alleged

bases of his requests for religious and medical accommodations and on that basis,

Defendants deny these allegations and leave Plaintiffs to their proof.

29.     In answer to the allegations contained in paragraph 28 of the

Complaint, Defendants admit: (a) Plaintiff Saiki was a Captain with Hawaiian

based out of Honolulu; (b) Plaintiff Saiki requested a religious accommodation; (c)

Hawaiian denied this request for religious accommodation; and (d) Plaintiff Saiki

retired in December 2021.  Defendants are without information or belief sufficient

to form a belief as to the truth or falsity of the remaining allegations in paragraph

28 and on that basis, Defendants deny these allegations and leave Plaintiffs to their

proof.

30.     In answer to the allegations contained in paragraph 29 of the

Complaint, Defendants admit: (a) Plaintiff Aukai is a Flight Attendant with

13

Hawaiian based out of Honolulu; (b) Plaintiff Aukai requested a religious accommodation from Hawaiian's vaccine mandate; and (c) Hawaiian denied Plaintiff Aukai's request for religious accommodation.  Hawaiian is without information or belief sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 29 and on that basis, Defendants deny these allegations and leave Plaintiffs to their proof.

31.     Defendants admit the allegations in paragraphs 30–32 of the Complaint.

32.     Defendants deny the allegations in paragraph 33 as legal conclusions.

33.     In answer to the allegations contained in paragraph 34 of the Complaint, Defendants are without information or belief sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 of the Complaint, and on that basis denies them and leaves Plaintiffs to their proof.

34.     In answer to the allegations contained in paragraph 35 of the Complaint, Defendants admit that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Hawaiian resides in this District and because a substantial part of the events complained of herein are alleged to have occurred in this District.  Defendants deny the remaining allegations in paragraph 35.

35.     Defendants admit the allegations in Paragraphs 36–37 of the Complaint.

36.     In answer to the allegations contained in paragraph 38 of the Complaint, Defendants admit that the FDA issued an Emergency Use Authorization ("EUA") for the Pfizer-BioNTech vaccine on December 11, 2020; FDA issued a second EUA for the Moderna COVID-19 vaccine on December 18, 2020; The FDA issued an EUA for the Johnson & Johnson ("Janssen") COVID-19 vaccine on February 27, 2021. the FDA issued an EUA for the Novavax COVID-19 vaccine on July 13, 2022; The Pfizer-BioNTech vaccine received FDA approval on August 23, 2021, and the approved vaccine is marketed as Comirnaty.  The Moderna vaccine, marketed as Spikevax, received FDA approval on January 31, 2022.  Defendants deny the remaining allegations in paragraph 38.

37.     In answer to the allegations contained in paragraph 39 of the Complaint, Defendants admit that the Delta and Omicron variants of COVID-19 spread around the world, and the FDA authorized COVID-19 booster shots after the spread of these variants.  Defendants deny the remaining allegations in paragraph 39.

38.     In answer to the allegations contained in paragraph 40 of the Complaint, Defendants admit that studies have been published regarding the effectiveness of COVID-19 vaccines against infection from the Omicron or Delta variants, including the studies cited by Plaintiffs; and Omicron booster shots have been introduced.  Defendants deny the remaining allegations in paragraph 40.

39.    In answer to the allegations contained in paragraph 41 of the Complaint, Defendants admit that: (a) the CDC issued guidance entitled "Stay Up to Date you're your COVID-19 Vaccines," which stated that you are "up to date with your COVID-19 vaccines when you have received all doses in the primary series and all boosters recommended for you, when eligible"; (b) For adults, this has been a two-shot regimen of the Pfizer or Moderna vaccine or a one-shot dosage of the Janssen or Novavax vaccine, followed by a first booster after the primary series and—for adults over 50 years old—a second booster at least 4 months after the first booster; (c) the "bivalent" booster shots targeting multiple strains of the COVID-19 virus, including the Omicron variant, became available in September 2022; (d) Prior to that time, only "monovalent" boosters—those "designed to protect against the original virus that causes COVID-19"—were available; and (e) the Novavax vaccine has a two-dose initial regime and a booster; it was not approved for use during the implementation of Hawaiian's vaccine mandate. Defendants deny the remaining allegations in paragraph 41.

40.    In answer to the allegations contained in paragraph 42 of the Complaint, Defendants admit that all Hawaiian employees who were not terminated or placed on unpaid leave because of the Hawaiian's vaccine requirement were vaccinated with either the Pfizer, Moderna, or Janssen vaccine; and that Hawaiian did not require that its employees get COVID-19 booster shots.

16

Defendants are without information or belief sufficient to form a belief as to the truth or falsity of the allegation that "some of those vaccinated individuals at the company had not received a COVID-19 vaccine in almost a year" as this allegation is vague as to timeframe, and on that basis denies them and leaves Plaintiffs to their proof.  Defendants deny the remaining allegations in paragraph 42 of the Complaint and leaves Plaintiffs to their proof.

41.    In answer to the allegations contained in paragraph 43 of the Complaint, Defendants admit that on August 9, 2021, Hawaiian CEO Peter Ingram announced that all U.S.-based employees would be required to be vaccinated against COVID-19 unless they had a reasonable accommodation for a disability as defined under the ADA or a sincerely held religious belief that conflicted with their ability to receive the COVID-19 vaccine.  Defendants deny the remaining allegations in paragraph 43 of the Complaint and leaves Plaintiffs to their proof.

42.    Defendants deny the allegations contained in paragraph 44 of the Complaint.

43.    In answer to the allegations contained in paragraph 45 of the Compliant, Defendants admit that Hawaiian published its vaccination policy in September 2021.  Defendants deny the remaining allegations in paragraph 45 of the Complaint and leave Plaintiffs to their proof.

44.    Defendants deny the allegations in paragraph 46 of the Complaint.

17

45.     In answer to the allegations contained in paragraph 47 of the Complaint, Defendants admit that Hawaiian offered a one year leave of absence to unionized employees who objected to getting vaccinated by January 4, 2022. Defendants also admit that Hawaiian's non-unionized employees had the option to take an unpaid leave of absence following the same guidelines as a unionized employee with the approval of their Officer.  Defendants deny the remaining allegations in paragraph 47 of the Complaint and leave Plaintiff to his proof.

46.     In answer to the allegations contained in paragraph 48 of the Complaint, Defendants admit that it offered testing through its Transition Period Testing Program from November 1, 2021 to January 4, 2022.  Defendants deny the remaining allegations in paragraph 48 of the Complaint and leave Plaintiffs to their proof.

47.     Defendants deny the allegations in paragraph 49 of the Complaint.

48.     In answer to the allegations contained in paragraph 50 of the Complaint, Defendants are without information or belief sufficient to form a belief as to the truth or falsity of the allegations in answer to the allegations in Paragraph 50 of the Complaint, and on that basis deny them and leave Plaintiffs to their proof.

49.     In answer to the allegations contained in paragraph 51 of the Complaint, Defendants are without information or belief sufficient to form a belief as to the truth or falsity of the allegations in answer to the allegations in paragraph

51 of the Complaint, and on that basis denies them and leaves Plaintiffs to their proof.

50.     In answer to the allegations contained in paragraph 52 of the Complaint, Defendants are without information or belief sufficient to form a belief as to the truth or falsity of the allegations in answer to the allegations in paragraph 52 of the Complaint, and on that basis deny them and leave Plaintiffs to their proof.

51.     In answer to the allegations contained in paragraph 53 of the Complaint, Defendants admit that (a) Hawaiian's policy was in line with the "federal contractor mandate" that requires companies doing business with the United States government to require vaccination for its employees; and (b) that mandate was stayed.  Defendants deny the remaining allegations in paragraph 53 of the Complaint, and leave Plaintiffs to their proof.

52.     Defendants admit the allegations in paragraph 54 of the Complaint.

53.     In answer to the allegations contained in paragraph 55 of the Complaint, Defendants admit that Hawaiian's vaccine policy was aimed at promoting safety.  Defendants also admit that at least some of Hawaiian's letters responding to employees' requests for medical accommodation stated "As you know we have required employees to be fully vaccinated . . . because, as a federal contractor, we are required to do so, and we believe that it is our responsibility to mālama our `ohana and community by requiring our team to be vaccinated."

Defendants deny the remaining allegations in paragraph 55 of the Complaint and leave Plaintiffs to their proof.

54.     Defendants deny the allegations in paragraph 56–57 of the Complaint.

55.     In answer to the allegations contained in paragraph 58 of the Complaint, Defendants admit that US Centers for Disease Control and Prevention Director Dr. Rochelle Walensky, stated in the CNN interview cited by Plaintiffs that "Our vaccines are working exceptionally well, . . . . They continue to work well for Delta, with regard to severe illness and death – they prevent it.  But what they can't do anymore is prevent transmission."  Defendants deny the remaining allegations in paragraph 58 of the Complaint and leave Plaintiffs to their proof.

56.     In answer to the allegations in paragraph 59 of the Complaint, Defendants admit that at least some of Hawaiian's letters responding to employees' requests for medical accommodation stated "As you know, Hawaiian, the State of Hawai'i, City and County of Honolulu, the United States, and the widespread medical consensus have all taken the position that vaccination against COVID-19 is absolutely necessary to protect your health, others in our workplaces, and the broader community."  Defendants deny the remaining allegations in paragraph 59 of the Complaint and leave Plaintiffs to their proof.

57.     In answer to the allegations contained in paragraph 60 of the Complaint, Defendants are without information or belief sufficient to form a belief

20

as to the allegations in paragraph 60 of the Complaint and on that basis deny them and leave Plaintiffs to their proof.

58.    In answer to the allegations contained in paragraph 61 of the Complaint, Defendants are without information or belief sufficient to form a belief as to the allegations in Paragraph 61 and any footnotes thereto of the Complaint and on that basis deny them and leave Plaintiffs to their proof.

59.    Defendants deny the allegations in paragraph 62.

60.    Defendants deny the allegations in paragraphs 63–72 of the Complaint as they call for legal conclusions and leave Plaintiffs to their proof.

61.    Defendants admit the allegations contained in paragraph 73 of the Complaint.

62.    In answer to paragraph 74 of the Complaint, Defendants admit that Section 3 of its COVID-19 Vaccination Religious Accommodation Request Form (HA A103) asked applicants to "provide a personal written and signed statement that describes in detail" (1) "Your religious beliefs, observances, and practices, including but not limited to information about when you embraced the belief, observance, or practice as well as when, where, and howe you have adhered to the belief, observance, or practice" and (2) "How your religious beliefs, practices, or observances conflict with your receiving the COVID-19 vaccination." Defendants

21

deny the remaining allegations in paragraph 74 of the Complaint and leave Plaintiffs to their proof.

63.    In answer to the allegations contained in paragraph 75 of the Complaint, Defendants admit that Section 2 of its Reasonable Accommodation Request Form  (HA A99) asked applicants to identify: (1) "What function(s) of your job do you have problems performing?"; (2) "Why do you have problems performing the function(s) indicated above?"; (3) "What accommodation(s) enable you to perform the essential functions of your position?"; and (4) "Have you had any accommodations in the past for this same limitation? If yes, what was it and how did the accommodation(s) help you to perform the essential functions of your position?"  Defendants deny the remaining allegations in Paragraph 75 of the Complaint and leave Plaintiffs to their proof.

64.    Defendants admit the allegations contained in paragraph 76 of the Complaint.

65.    In answer to the allegations contained in paragraph 77 of the Complaint, Defendants admit that Hawaiian began issuing responses to applicants in October 2021 and that at least some of those responses stated the following: "Your request is denied because your generalized belief that your body is a temple does not explain why you are sincerely and religiously opposed to receiving the COVID-19 vaccine per se and relies to at least some extent on medical opinions at

22

odds with scientific consensus.  This indicates that your belief is premised on the distinction you have made between vaccinations you consider medically necessary and those you do not. This is a personal preference and not a generally applicable religious opposition."  Defendants deny the remaining allegations in paragraph 77 and any footnotes thereto of the Complaint and leave Plaintiffs to their proof.

66.   Defendants deny the allegations in paragraph 78 of the Complaint.

67.   In answer to the allegations contained in paragraph 79 of the Complaint, Defendants admit that at least some of Hawaiian's responses to applicants requests for religious accommodation stated the following: "While your personal preference is couched against the context of your religious beliefs it itself is not a sincere religious objection in actual conflict with our vaccine requirement. We have therefore denied your request."  Defendants deny the remaining allegations in paragraph 79 of the Complaint and leave Plaintiffs to their proof.

68.   In answer to the allegations contained in paragraph 80 of the Complaint, Defendants admit that the EEOC Guidance Section 12: Religious Discrimination states, "Because the definition of religion is broad and protects beliefs, observances, and practices with which the employer may be unfamiliar, the employer should ordinarily assume that an employee's request for religious accommodation is based on a sincerely held religious belief.  If, however, an employee requests religious accommodation, and an employer has an objective

23

basis for questioning either the religious nature or the sincerity of a particular belief, observance, or practice, the employer would be justified in seeking additional supporting information." Defendants deny the remaining allegations in paragraph 80 of the Complaint as they call for legal conclusions and leave Plaintiffs to their proof.

69.     Defendants deny the allegations in paragraphs 81–82.

70.     In answer to the allegations contained in paragraph 83 of the Complaint, Defendants admit that at least some of Hawaiian's letters in response to applicants' requests for religious accommodation stated: "As a result, and unless you have since received the COVID-19 vaccination such that you will be fully vaccinated by November 1, 2021, you must submit to the Company's Transition Period Testing Program by October 24, 2021, if you wish to remain employed with the Company. At the end of the Transition Period Testing Program if you choose to remain unvaccinated and did not elect to take the offered up to one year of unpaid leave, your employment will be terminated. If you do not intend to get vaccinated or comply with the Transition Period Testing Program, we request that you let your manager or supervisor know immediately." Defendants deny the remaining allegations in paragraph 83 and leave Plaintiffs to their proof.

71.     In answer to paragraph 84 of the Complaint, Defendants admit that its original Transition Period Testing Program ("TPTP") was from November 1, 2021

24

to January 30, 2022 (with an up to 12-Month Unpaid LOA to start as early as January 31, 2022), but due to the Federal Executive Order 14042 ("Federal EO") issued on September 9, 2021, which applies to Hawaiian and required that federal contractor employees be fully vaccinated by December 8, 2021, the TPTP was revised to end on December 8, 2021 (with an up to 12-month unpaid leave of absence to start as early as December 9, 2021).  The Biden Administration then announced on November 4, 2021, that the vaccination deadline was extended from December 8, 2021 to January 4, 2022.  As such, Hawaiian's TPTP was again revised to align with the Federal EO and the testing period ultimately ended on January 4, 2022, with limited exception.  Defendants deny the remaining allegations in Paragraph 84 of the Complaint and leave Plaintiffs to their proof.

72.     Defendants deny the allegations in paragraph 85.

73.     In answer to the allegations contained in paragraph 86 of the Complaint, Defendants admit: (1) on August 9, 2021, Hawaiian announced its vaccine policy to employees; (2) on September 9, 2021, President Biden signed an Executive Order that required all federal contractors to mandate COVID-19 vaccinations; and (3) on November 4, 2021, the Biden Administration announced a new COVID-19 vaccine requirement for employers with 100 or more employees. Defendants deny remaining the allegations in paragraph 86 of the Complaint and leave Plaintiffs to their proof.

74.    In answer to the allegations contained in paragraph 87 of the Complaint, Defendants admit Executive Order 14042, titled "Ensuring Adequate COVID Safety Protocols for Federal Contractors," published on September 9, 2021 with the corresponding Westlaw cite of 2021 WL 4148112, speaks for itself. Defendants deny the remaining allegations in paragraph 87 of the Complaint and leave Plaintiffs to their proof.

75.    In answer to the allegations contained in paragraph 88 of the Complaint, Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 88 of the Complaint because the word "it" is vague, and on that basis, denies the allegations and leaves Plaintiffs to their proof.

76.    In answer to the allegations in paragraph 89 of the Complaint, Defendants admit that in *Georgia v. Biden*, 574 F. Supp. 3d 1337(S.D. Ga. 2021), aff'd in part, vacated in part sub nom. *Georgia v. President of the United States*, 46 F.4th 1283 (11th Cir. 2022), Executive Order 14042 was addressed; however, those published court decisions speak for themselves.  On that basis, Hawaiian denies the allegations in the first two sentences of Paragraph 89.  The allegation that "[i]t was not in effect in Hawaii during the time in which the company terminated and placed employees on unpaid leave" is vague, and on that basis Hawaiian denies that allegation and leaves Plaintiffs to their proof.  Defendants

26

deny the remaining allegations in paragraph 89 of the Complaint as legal conclusions, and leave Plaintiffs to their proof.

77. Defendants deny the allegations in paragraph 90 of the Complaint.

78. In answer to the allegations in paragraph 91 of the Complaint, Defendants admit the following decisions were issued by Fifth Circuit Court of Appeals, Sixth Circuit Court of Appeals, and the Supreme Court of the United States respectively, and that each of the cases involved the Occupational Safety and Health Administration's November 4, 2021 issuance of an emergency temporary standard regarding COVID-19: *BST Holdings, L.L.C. v. Occupational Safety & Health Admin.*, 17 F.4th 604 (5th Cir. 2021); In re MCP No. 165, 21 F.4th 357(6th Cir. 2021); and *Nat'l Fed'n of Indep. Bus. v. Dep't of Lab., Occupational Safety & Health Admin.*,142 S. Ct. 661 (2022). Each of those published decisions speak for themselves, and on that basis, Defendants deny the remaining allegations in paragraph 91 of the Complaint as legal conclusions and leave Plaintiffs to their proof.

79. The allegation in paragraph 92 of the Complaint that "Hawaiian stated that it would be following the federal contractor mandate but did not indicate that it would be following the OSHA regulations" is vague as to timeframe and on that basis, Defendants deny this allegation. The allegations that "the federal contractor mandate was never in effect during Hawaiian's implementation of its vaccination

27

policy" and that "even if it were in effect, that mandate explicitly provided for reasonable accommodations under Title VII and the ADA to those unable to take the vaccine for religious or medical reasons" call for legal conclusions, and on that basis Defendants deny those allegations and leave Plaintiffs to their proof. Defendants deny the remaining allegations in Paragraph 92 of the Complaint and leave Plaintiffs to their proof.

80.     In answer to the allegations in paragraph 93 of the Complaint, Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegation that "Hawaiian chose to proceed with its vaccination policy" because that phrase is vague as to time period, and on that basis, denies that allegation and leaves Plaintiffs to their proof.  Defendants admit that Hawaiian modified the TPTP so that employees had until January 4, 2022 to make get vaccinated and that this date corresponded with the deadline set by the Biden Administration for requiring vaccinations under COVID-19 Vaccination and Testing, Emergency Temporary Standard, 86 FR 61402-01.  Defendants deny the remaining allegations in paragraph 93 of the Complaint and leave Plaintiffs to their proof.

81.     Defendants deny the allegations in paragraph 94 of the Complaint.

82.     In answer to the allegations contained in paragraph 95 of the Complaint, Defendants admits that as part of Hawaiian's interactive process, it

28

sought additional information from applicants' physicians to evaluate requests for disability accommodation.  Defendants deny the remaining allegations in paragraph 95 and leave Plaintiffs to their proof.

83.   Defendants deny the allegations in paragraph 96 of the Complaint.

84.   In answer to the allegations contained in paragraph 97 of the Complaint, Defendants respond that the information provided by the CDC at https://www.cdc.gov/vaccines/covid-19/clinical-considerations/interim-considerations-us.html#contraindications speaks for itself.  The remaining allegations in paragraph 97 of the Complaint call for an expert opinion and/or require testimony by the CDC, and on that basis, Defendants deny them and leave Plaintiffs to their proof.

85.   Defendants deny the allegations contained in paragraph 98 of the Complaint.

86.   In answer to the allegations contained in paragraph 99 of the Complaint, Defendants admit that additional responses to requests for medical and religious accommodations were sent out in December 2021, and that Hawaiian interviewed those applicants for which more information was needed to evaluate their requests.  Defendants deny the remaining allegations in paragraph 99 of the Complaint and leave Plaintiffs to their proof.

87.   Defendants deny the allegations in paragraph 100 of the Complaint.

88.   The allegations in paragraph 101 of the Complaint are vague as to time period and as to the number of letters Plaintiffs considers would constitute "most of the denials."  On that basis, Defendants deny the allegations in paragraph 101 and leave Plaintiffs to their proof.

89.   The allegations in paragraph 102 of the Complaint are vague as to which "letters" Plaintiffs refer.  On that basis, Defendants deny the allegations in paragraph 101 and leave Plaintiffs to their proof.

90.   In answer to the allegations contained in paragraph 103 of the Complaint, Defendants admit that Hawaiian offered the Transition Period Testing Program to employees to provide them additional time to decide whether to get vaccinated.  Defendants deny the remaining allegations in paragraph 103 of the Complaint and leave Plaintiffs to their proof.

91.   Defendants deny the allegations in paragraph 104 of the Complaint and leave Plaintiffs to their proof.

92.   In answer to the allegations contained in paragraph 105 of the Complaint, Defendants admit that the TPTP was available to all unvaccinated U.S.-based Hawaiian employees, not just those seeking accommodations. Defendants deny the remaining allegations in paragraph 105 of the Complaint and leave Plaintiffs to their proof.

30

93.     Defendants deny the allegations in paragraphs 106–107 of the Complaint.

94.     In answer to the allegations contained in paragraph 108 of the Complaint, Defendants admit that COVID-19 testing locations were available to the public during the years 2021 and 2022.  The allegation that Plaintiffs volunteered to provide their own testing or to test at locations throughout the State is vague in that it does not specify which particular Plaintiffs so volunteered; on that basis, Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegation and therefore deny it.  Defendants deny the remaining allegations in paragraph 108.

95.     In answer to the allegations contained in paragraph 109 of the Complaint, Defendants admit that EEOC Guidance, § 12: Religious Discrimination, Part IV.B.2 speaks for itself.  The remaining allegations in paragraph 109 of the Complaint seek legal conclusions, and on that basis, Defendants deny them and leave Plaintiffs to their proof.

96.     Defendants deny the allegations in paragraph 110 of the Complaint.

97.     In answer to the allegations contained in paragraph 111 of the Complaint, Defendants admit that each of the named plaintiffs requested a religious accommodation from Hawaiian; and Plaintiffs Riki O'Hailpin, Nina Arizumi, and Ron Lum also applied for medical exemptions.  Defendants

31

deny the remaining allegations in paragraph 111 of the Complaint and leave Plaintiffs to their proof.

98.   Defendants deny the allegations in paragraph 112 of the Complaint.

99.   Defendants admit the allegations contained in paragraphs 113–115 of the Complaint.

100.   In answer to the allegations contained in paragraph 116 of the Complaint, Defendants admit that Plaintiff O'Hailpin worked for Hawaiian for a length of time contemporaneous with the COVID-19 global pandemic.  The language "the duration of the pandemic" is vague and ambiguous as to what exact time period Plaintiffs are referring to, and Defendants deny the remaining allegations in paragraph 116 on that basis and leaves Plaintiff O'Hailpin to her proof.

101.   In answer to the allegations contained in paragraph 117, Defendants are  without sufficient information to form an opinion as to the truth or falsity of the allegations, and on that basis, deny them and leave Plaintiff O'Hailpin to her proof.

102.   In answer to the allegations contained in paragraph 118 of the Complaint, Defendants admit that Plaintiff O'Hailpin submitted a request for religious accommodation to Hawaiian, which included reference to Plaintiff O'Hailpin's reported belief that "her body is a temple."  Defendants are without

32

sufficient information to form an opinion as to the truth or falsity of the remaining allegations in paragraph 118, and on that basis, deny them and leave Plaintiff O'Hailpin to her proof.

103.   Defendants deny the allegations in paragraph 119 of the Complaint.

104.   In answer to paragraph 120 of the Complaint, Defendants admit that Hawaiian sent Plaintiff O'Hailpin a letter dated October 13, 2021 denying her request for religious accommodation, which stated in relevant part "because your generalized belief that your body is a temple does not explain why you are sincerely and religiously opposed to receiving the COVID-19 vaccine per se and relies to at least some extent on medical opinions at odds with the scientific consensus.  This indicates that your belief is premised on the distinction you have made between vaccinations you consider medically necessary and those you do not.  This is a personal preference and not a generally applicable religious opposition."  The allegation that the letter sent to Plaintiff O'Hailpin "matching the ones received by others denied at that time" is vague and ambiguous as to the meaning of "matching" and "others", and Defendants deny this allegation and the remaining allegations in paragraph 120, and leave Plaintiff O'Hailpin to her proof.

105.   In answer to paragraph 121 of the Complaint, Defendants admit that the letter sent to Plaintiff O'Hailpin described in paragraph 120 of the Complaint stated in relevant part that her purported belief was a "personal preference . . .

33

couched against the context of [her] religious beliefs." Defendants deny the remaining allegations in paragraph 121, and leave Plaintiff O'Hailpin to her proof.

106.   In answer to paragraph 122 of the Complaint, Defendants admit that Plaintiff O'Hailpin submitted a request for medical accommodation on October 16, 2021, and submitted further documentation regarding her request dated October 19 and 29, 2021.  Defendants are without sufficient information to form an opinion as to the truth or falsity of the remaining allegations in paragraph 122, and on that basis, deny them and leave Plaintiff O'Hailpin to her proof.

107.   Defendants are without sufficient information to form an opinion as to the truth or falsity of the allegations in paragraph 123, and on that basis, deny them and leave Plaintiff O'Hailpin to her proof.

108.   Defendants are without sufficient information to form an opinion as to the truth or falsity of the allegations in paragraph 124, and on that basis, deny them and leave Plaintiff O'Hailpin to her proof.

109.   Defendants are without sufficient information to form an opinion as to the truth or falsity of the allegations in paragraph 125, and on that basis, deny them and leave Plaintiff O'Hailpin to her proof.

110.   In answer to the allegations contained in paragraph 126 of the Complaint, Defendants admit Hawaiian denied Plaintiff O'Hailpin's request for medical accommodation on November 2, 2021.  Defendants are without sufficient

34

information to form an opinion as to the truth or falsity of the remaining

allegations in paragraph 126, and on that basis, deny them and leave Plaintiff

O'Hailpin to her proof.

111.   In answer to paragraph 127 of the Complaint, Defendant admit that a

letter denying Plaintiff O'Hailpin's medical accommodation request stated in

relevant part that Hawaiian "recognize[s] that some of our teammates need a

reasonable accommodation," and that the information [Plaintiff O'Hailpin]

provided [wa]s not considered a contraindication to receiving a COVID-19 vaccine

per the Centers for Disease Control and Prevention."  Defendants deny the

remaining allegations in paragraph 127, and leave Plaintiff O'Hailpin to her proof.

112.   Defendants deny the allegations in paragraph 128 of the Complaint.

113.   In answer to paragraph 129 of the Complaint, Defendants deny the

allegations that Hawaiian did not engage in "a legitimate interactive process."

Defendants are without sufficient information to form an opinion as to the truth or

falsity of the allegations in paragraph 129, and on that basis, deny them and leave

Plaintiff O'Hailpin to her proof.

114.   In answer to paragraph 130 of the Complaint, Defendants admit that

Plaintiff O'Hailpin elected to take 12 months of unpaid leave in lieu of complying

with Hawaiian's Vaccine Policy, and that as an employee on unpaid leave, Plaintiff

O'Hailpin did not receive a paycheck, and her medical and dental benefits ended at

35

the end of the month in which she was placed on leave. Defendants deny the remaining allegations in paragraph 130, and leave Plaintiff O'Hailpin to her proof.

115. In answer to the allegations in paragraph 131 of the Complaint, Defendants are without information sufficient to form a belief as to the truth or falsity of the following allegations: (1) after four miscarriages, IVF may be her last opportunity to get pregnant and it was not feasible for her to pay for it out of pocket; (2) given Plaintiff O'Hailpin's age, 2022 was the final year that insurance would pay for IVF treatment; and (3) Plaintiff O'Hailpin needed to begin her IVF cycle before April of 2022 when she turned 46. On that basis, Hawaiian denies those allegations and leaves Plaintiffs to their proof. Defendants deny the remaining allegations in paragraph 131 of the Complaint and leave Plaintiff O'Hailpin to her proof.

116. In answer to paragraph 132, Defendants admit that Plaintiff O'Hailpin returned to work in November 2022 after Hawaiian removed its COVID-19 vaccine requirement. Defendants deny the remaining allegations in paragraph 132, and leave Plaintiff O'Hailpin to her proof.

117. Defendants admit the allegations contained in paragraphs 133–134 of the Complaint.

118. In answer to the allegations in paragraph 135 of the Complaint, Defendants admit that Plaintiff Arizumi worked for Hawaiian for a length of time

contemporaneous with the COVID-19 global pandemic.  The language "during the pandemic" is vague and ambiguous as to what exact time period Plaintiffs are referring to, and Defendants deny the remaining allegations in paragraph 135 on that basis and leaves Plaintiff Arizumi to her proof.

119.   In answer to paragraph 136 of the Complaint, Defendants admit that Plaintiff Arizumi submitted a religious accommodation request form in August 2021, and further related documentation on September 29, 2021.  Defendants are without sufficient information to form an opinion as to the truth or falsity of the allegations in paragraph 136, and on that basis, deny them and leave Plaintiff Arizumi to her proof.

120.   In answer to paragraph 137 of the Complaint, Defendants admit that Hawaiian sent via email a letter dated October 14, 2021, denying Plaintiff Arizumi's request for religious accommodation and containing the language quoted in paragraph 137.  Defendants deny the remaining allegations contained in paragraph 137 of the Complaint.

121.   Defendants deny the allegations contained in paragraph 138 of the Complaint.

122.   In answer to paragraph 139, Defendants are without sufficient information to form an opinion as to the truth or falsity of the allegation regarding what is offensive to Plaintiff Arizumi's religion and on that basis deny them.

37

Defendants deny the remaining allegations in paragraph 139 and leave Plaintiff Arizumi to her proof.

123.  In answer to the allegations in paragraph 140 of the Complaint, Defendants admit that Hawaiian's letter dated October 14, 2021, stated in part: "While your personal preference is couched against the context of your religious beliefs it is not a sincere religious objection in actual conflict with our vaccine requirement."  Defendants deny the remaining allegations in paragraph 140 of the Complaint, and leave Plaintiff Arizumi to her proof.

124.  In answer to the allegations in paragraph 141 of the Complaint, Defendants admit that Plaintiff Arizumi submitted a request for medical accommodation from the COVID-19 vaccine in 2021, and related documentation on September 30, 2021.  Defendants are without sufficient information to form an opinion as to the truth or falsity of the remaining allegations in paragraph 141, and on that basis, deny them and leave Plaintiff Arizumi to her proof.

125.  In answer to the allegations in paragraph 142 of the Complaint, Defendants admit that Hawaiian requested information from a person Plaintiff Arizumi indicated was her doctor in 2021, and that this person responded to Hawaiian's request on November 1, 2021, stating Plaintiff Arizumi had medical issues involving a mitral valve prolapse among.  Defendants are without sufficient information to form an opinion as to the truth or falsity of the remaining

38

allegations in paragraph 142, and on that basis, deny them and leave Plaintiff Arizumi to her proof.

126.   In answer to the allegations in paragraph 143 of the Complaint, Defendants admit that Plaintiff Arizumi's request for medical exemption from the COVID-19 vaccine policy was denied on November 4, 2021, and that Hawaiian stated "the information [Plaintiff Arizumi] provided [wa]s not considered a contraindication to receiving a COVID-19 vaccine."  Defendants deny the remaining allegations in paragraph 143, and leave Plaintiff Arizumi to her proof.

127.   Defendants deny the allegations in paragraph 144 and leave Plaintiff Arizumi to her proof.

128.   Defendants deny the allegations contained in paragraph 145 that Hawaiian did not engage in a "legitimate interactive process."  Defendants are without sufficient information to form an opinion as to the truth or falsity of the allegations in paragraph 145, and on that basis, deny them and leave Plaintiff Arizumi to her proof.

129.   In answer to paragraph 146, Defendants admit that Plaintiff Arizumi was terminated for her non-compliance with Hawaiian's Vaccine Policy, and, as a terminated former employee, Plaintiff Arizumi stopped receiving a paycheck. Defendants deny the remaining allegations in paragraph 146 and leave Plaintiff Arizumi to her proof.

130.   In answer to paragraph 147 of the Complaint, Defendants deny the allegations that Hawaiian subjected Plaintiff Espinosa to a "forced leave of absence."  Defendants admit to the allegations contained in paragraph 147 with respect to Plaintiff Espinosa's alleged employment with Hawaiian as a First Officer "responsible for piloting and commanding aircraft and crew. [Plaintiff Espinosa] has been with Hawaiian for 11 years[.]"  Defendants are without sufficient information to form an opinion as to the truth or falsity of the remaining allegations in paragraph 147, and on that basis, deny them and leave Plaintiff Espinosa to his proof.

131.   In answer to the allegations in paragraph 148 of the Complaint, Defendants admit that Plaintiff Espinosa worked for Hawaiian for a length of time contemporaneous with the global COVID-19 pandemic.  The phrase "duration of the pandemic" is, vague and ambiguous as to what exact time period Plaintiffs are referring to, and on that basis, Defendants deny those allegations. Further, Defendants are without sufficient information to form an opinion as to the truth or falsity of the remaining allegations in paragraph 148, and on that basis, deny them and leave Plaintiff Espinosa to his proof.

132.   In answer to paragraph 149 of the Complaint, Defendants are without sufficient information to form an opinion as to the truth or falsity of the allegations, and on that basis, deny them and leave Plaintiff Espinosa to his proof.

133.   In answer to paragraph 150 of the Complaint, Defendants admit that Plaintiff Espinosa submitted a request for religious accommodation on September 29, 2021, and that this document speaks for itself.  Defendants deny the allegations in this paragraph that purport to describe the contents of this religious accommodation request document as "showing that any of the COVID-19 vaccines would violate this belief for three reasons: . . . ."  Defendants are without sufficient information to form an opinion as to the truth or falsity of the remaining allegations contained in paragraph 150, and on that basis, deny them and leave Plaintiff Espinosa to his proof.

134.   In answer to paragraph 151 of the Complaint, Defendants admit that Hawaiian denied Plaintiff Espinosa's request for religious accommodation, and that Hawaiian's letter dated October 14, 2021 stated in part that his request was denied "because [his] generalized belief that [his] body is a temple does not explain why [he] is sincerely and religiously opposed to receiving the COVID-19 vaccine per se and relies at least to some extent on medical opinions at odds with the scientific consensus.  This indicates that [his] belief is premised on the distinction [he has] made between vaccinations [he] consider[s] medically necessary and those [he] do[es] not. This is a personal preference and not a generally applicable religious opposition."  Defendants deny the remaining

allegations in paragraph 151 of the Complaint, and leave Plaintiff Espinosa to his proof.

135.   In answer to paragraph 152 of the Complaint, Defendants admit that Plaintiff Espinosa's denial letter included the sentence: "While your personal preference is couched against the context of your religious beliefs it itself is not a sincere religious objection in actual conflict with our vaccine requirement." Defendants deny the remaining allegations contained in paragraph 152 of the Complaint.

136.   Defendants deny the allegations contained in paragraphs 153–154 of the Complaint.

137.   In answer to paragraph 155 of the Complaint, Defendants admit that (a) Plaintiff Espinosa was placed on unpaid leave, during which Plaintiff did not receive a paycheck; (b) Plaintiff's medical and dental benefits ended at the end of the month in which he was placed on leave.  Defendants deny the remaining allegations contained in paragraph 155, and leave Plaintiff Espinosa to his proof.

138.   In answer to paragraph 156 of the Complaint, Defendants are without sufficient information to form an opinion as to the truth or falsity of the allegations, and on that basis, deny them and leave Plaintiff Espinosa to his proof.

139.   Defendants deny the allegations contained in paragraph 157 of the Complaint.

42

140.   In answer to paragraph 158 of the Complaint, Defendants admit the that Plaintiff Espinosa retuned to work in November 2022 after Hawaiian decided to remove the COVID-19 vaccine requirement.  Defendants deny the remaining allegations contained in paragraph 158 of the Complaint.

141.   Defendants admit the allegations contained in paragraph 159 of the Complaint.

142.   In answer to paragraph 160 of the Complaint, Defendants admit that (a) Plaintiff Young, as a Lead Aircraft Technician, "was responsible for performing mechanic duties on Hawaiian's airplanes and leading a team that ensures aircraft are ready to fly"; and (b) Plaintiff Young submitted a religious accommodation request form dated September 30, 2021.  Defendants are without sufficient information to form an opinion as to the truth or falsity of the remaining allegations contained in paragraph 160, and on that basis, deny them and leave Plaintiff Young to his proof.

143.   In answer to paragraph 161 of the Complaint, Defendants admit Plaintiff Young stated in a religious accommodation request form that, "his body is a temple of the Holy Spirit[.]"  Defendants are without sufficient information to form an opinion as to the truth or falsity of the remaining allegations contained in paragraph 161, and on that basis, deny them and leave Plaintiff Young to his proof.

144.    In answer to paragraph 162 of the Complaint, Defendants admit that

Hawaiian held a meeting with Plaintiff Young on November 5, 2021 regarding his

religious accommodation request to obtain additional information from him.

Defendants are without sufficient knowledge to form an opinion as to the truth or

falsity of the remaining allegations in paragraph 162, and therefore deny them and

leave Plaintiff Young to his proof.

145.    In answer to paragraph 163 of the Complaint, Defendants are without

sufficient information to form an opinion as to the truth or falsity of the allegations,

and therefore deny them and leave Plaintiff Young to his proof.

146.    In answer to paragraph 164 of the Complaint, Defendants admit that

Hawaiian's letter dated December 16, 2021, denying Plaintiff Young's request for

reasonable accommodation, contains that language quoted in paragraph 164.

Defendants deny the remaining allegations in paragraph 164 and leave Plaintiff

Young to his proof.

147.    In answer to paragraph 165 of the Complaint, Defendants admit that

Hawaiian's letter dated December 16, 2021, contains the following sentences:

"We have also determined that we cannot accommodate you through testing. As

you may be aware, we have been testing employees since the beginning of

November. We have learned that the complexity, expense, and administrative

burden of managing the testing program is unsustainable. This is particularly true

because of the degree of non-compliance by a number of participants in the testing

program; it undermines our planning ability and impedes our ability to staff for the

operation when teammates are held out of service because of a failure to test."

Defendants deny the remaining allegations in paragraph 165 and leave Plaintiff

Young to his proof.

148.   Defendants deny the allegations contained in Paragraph 166 of the

Complaint.

149.   In answer to paragraph 167 of the Complaint, Defendants are without

sufficient information to form an opinion as to the truth or falsity of the allegations

in this paragraph, and therefore deny them and leave Plaintiff Young to his proof.

150.   Defendants deny the allegations in paragraph 168 of the Complaint.

151.   In answer to paragraph 169, Defendants admit that Plaintiff Young

was terminated on January 30, 2022 due to non-compliance with Hawaiian's

Vaccine Policy.  As a terminated former employee, Plaintiff Young stopped

receiving a paycheck.  Defendants deny the remaining allegations in paragraph 169

and leave Plaintiff Young to his proof.

152.   Defendants admit to the allegations contained in paragraph 170 of the

Complaint.

153.   In answer to paragraph 171 of the Complaint, Defendants admit that

Plaintiff Badiang taught classes in-person at Hawaiian's Corporate Headquarters

45

and was required to follow company guidelines during the pandemic such as masking, social distancing, temperature checks, and special cleaning.  Defendants deny that Plaintiff Badiang worked from home (or could work from home at any time) since she trained guest services workers for Hawaiian and could do so via Teams meetings online.  Defendants are without sufficient information to form an opinion as to the truth or falsity of the remaining allegations in paragraph 171, and therefore deny them and leave Plaintiff Badiang to her proof.

154.   In answer to paragraph 172 of the Complaint, Defendant admit that Plaintiff Badiang submitted a religious accommodation request dated September 28, 2021, along with a letter purportedly from J.D. Farag.  Defendants are without sufficient information to form an opinion as to the truth or falsity of the remaining allegations in paragraph 172, and therefore deny them and leave Plaintiff Badiang to her proof.

155.   In answer to paragraph 173 of the Complaint, Defendants without sufficient information to form an opinion as to the truth or falsity of the allegations, and therefore deny them and leave Plaintiff Badiang to her proof.

156.   In answer to paragraph 174 of the Complaint, Defendants admit that Plaintiff Badiang met with Hawaiian Leave Management employees on November 1, 2021 regarding her religious accommodation request.  Defendants admit that Plaintiff Badiang met with Hawaiian Leave Management employees on November

46

1, 2021 regarding her religious accommodation request.  Defendants deny the remaining allegations in paragraph 174 of the Complaint and Leave Plaintiff Badiang to her proof.

157.   Defendants deny the allegations in paragraph 175 of the Complaint and leave Plaintiff Badiang to her proof.

158.   In answer to the allegations in paragraph 176 of the Complaint, Defendants admit that (a) Plaintiff Badiang received via email a letter dated December 14, 2021 informing her that her request for reasonable accommodation was denied; and (b) this letter included the statements: "Although you have a sincere religious belief, we cannot reasonably accommodate you because it would cause an undue hardship that will result in significant disruption to our operation. Based on our assessment of your position and duties in this current environment, we cannot safely accommodate you because your role does not allow for maintaining baseline COVID-19 safety protocols, specifically maintaining physical distance and mandatory masking."  Defendants are without sufficient information to form an opinion as to the truth or falsity of the allegation that Plaintiff Badiang received these statements "[l]ike others," as this term is vague, and therefore deny this allegation and leave Plaintiff Badiang to her proof.

159.   In answer to the allegations in paragraph 177 of the Complaint, Defendants admit that the letter to Plaintiff Badiang dated December 14, 2021, also

contains the following statements: "We have also determined that we cannot accommodate you through testing.  As you may be aware, we have been testing employees since the beginning of November.  We have learned that the complexity, expense, and administrative burden of managing the testing program is unsustainable.  This is particularly true because of the degree of non-compliance by a number of participants in the testing program; it undermines our planning ability and impedes our ability to staff for the operation when teammates are held out of service because of a failure to test."

160.   Defendants deny the allegations in paragraph 178 of the Complaint.

161.   In answer to paragraph 179 of the Complaint, Defendants are without sufficient information to form an opinion as to the truth or falsity of the allegations, and therefore deny them and leave Plaintiff Badiang to her proof.

162.   Defendants deny the allegations contained in paragraph 180 of the Complaint.

163.   In answer to paragraph 181 of the Complaint, Defendants are without sufficient information to form an opinion as to the truth or falsity of the allegations, and therefore deny them and leave Plaintiff Badiang to her proof.

164.   In answer to paragraph 182, Defendants deny the allegation that Hawaiian "forced" Plaintiff Badiang "into retirement[.]"  Hawaiian further denies, in answer to paragraph 182, that Plaintiff Badiang was not provided with an

48

"accommodation." Hawaiian further denies, with respect to paragraph 182, that it took any "unlawful actions on January 3, 2022." The phrase "the same accommodation" is vague and ambiguous, and Defendants have insufficient information to form an opinion as to the truth or falsity of the remaining allegations in paragraph 182, and therefore deny them and leave Plaintiff Badiang to her proof.

165. Defendants admit the allegations contained in paragraph 183.

166. In answer to paragraph 184 of the Complaint, Defendants admit that "When working in the lounges, [Plaintiff] Franks verified customer credentials and checked them in." Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity in answer to the remaining allegations in paragraph 184, and on that basis deny them and leaves Plaintiff Franks to her proof.

167. In answer to paragraph 185 of the Complaint, Defendants admit that Plaintiff Franks submitted a religious accommodation request form in 2021, stating: [her] life and body belong to god" and that her "body [] is a temple of God[.]" Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity in answer to the remaining allegations in paragraph 185 of the Complaint, and on that basis deny them and leaves Plaintiff Franks to her proof.

49

168.   In answer to paragraph 186 of the Complaint, Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis deny them and leave Plaintiff Franks to her proof.

169.   In answer to paragraph 187 of the Complaint, Hawaiian admits that (a) Leave Management employees held a meeting on October 20, 2021 with Plaintiff Franks regarding her religious accommodation request to obtain additional information from her; and (b) she was asked, among other things, about her adult vaccine history and if there was anything that Hawaiian could do or provide that would help her reassess getting the COVID-19 vaccine.  Defendants deny the remaining allegations in paragraph 187.

170.   In answer to the allegations in paragraph 188 of the Complaint, Defendants admit that (a) Plaintiff Franks received via email a letter dated December 13, 2021 informing her that her request for reasonable accommodation was denied; and (b) this letter included the statements: "[a]lthough you have a sincere religious belief, we cannot reasonably accommodate you because it would cause undue hardship that will result in significant disruption to our operation. Based on our assessment of your position and duties in this current environment, we cannot safely accommodate you because your role does not allow for maintaining baseline COVID-19 safety protocols, specifically maintaining physical

distance and mandatory masking." Defendants deny the remaining allegations in paragraph 188.

171. In answer to paragraph 189 of the Complaint, Defendants admit that the letter to Ms. Franks dated December 13, 2021, also contains the following statements: "We have also determined that we cannot accommodate you through testing. As you may be aware, we have been testing employees since the beginning of November. We have learned that the complexity, expense, and administrative burden of managing the testing program is unsustainable. This is particularly true because of the degree of non-compliance by a number of participants in the testing program; it undermines our planning ability and impedes our ability to staff for the operation when teammates are held out of service because of a failure to test." Defendants deny the remaining allegations in paragraph 189.

172. In answer to paragraph 190 of the Complaint, Defendants deny that Hawaiian's denial of Plaintiff Franks' accommodation request was "at odds with what had taken place during the pandemic[.]" Defendants are without sufficient information to form an opinion as to the truth or falsity of the remaining allegations in paragraph 190, and therefore deny them and leave Plaintiff Franks to her proof.

173.   In answer to paragraph 191 of the Complaint, Defendants deny the allegation that "[i]f the company had engaged in an interactive process aimed at resolving her Title VII exemption rather than trying to talk her out of it, a reasonable accommodation would have been apparent."  Defendants are without sufficient information to form an opinion as to the truth or falsity of the remaining allegations in paragraph 191 of the Complaint, and therefore deny them and leave Plaintiff Franks to her proof.

174.   In answer to paragraph 192 of the Complaint, Defendants admit that Plaintiff Franks did not accept unpaid leave as an accommodation in lieu of taking the COVID-19 vaccine, and was therefore terminated, and that as a terminated former employee, Plaintiff Franks no longer received a paycheck or continued health insurance or flight benefits from Hawaiian.  Defendants are without sufficient information or knowledge to form an opinion as to the truth or falsity of the remaining allegations in paragraph 192, and on that basis deny them and leave Plaintiff Franks to her proof.

175.   In answer to paragraph 193 of the Complaint, Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and on that basis deny them and leave Plaintiffs to their proof.

176.   Defendants admit the allegations in paragraph 194 of the Complaint.

177.   In answer to the allegations in paragraph 195 of the Complaint, Defendants admit that Plaintiff Lum worked for Hawaiian for a length of time during the period referred to as the "duration of the pandemic."  The "duration of the pandemic" is, however, vague and ambiguous as to what exact time period Plaintiffs are referring to, and on that basis Defendants deny the allegation that Plaintiff Lum worked throughout the duration of the pandemic.  Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 195 of the Complaint, and therefore deny them and leave Plaintiff Lum to his proof.

178.   Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 196 of the Complaint, and on that basis, deny them and leave Plaintiffs to their proof.

179.   In answer to the allegations in paragraph 197 of the Complaint, Defendants admit that Plaintiff Lum submitted a request for medical accommodation from the COVID-19 vaccine but deny that he submitted it on October 10, 2021.  Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 197 of the Complaint, and therefore deny them and leave Plaintiff Lum to his proof.

180.   Defendants admit the allegations in paragraph 198 of the Complaint.

181.   Defendants deny the allegations in paragraph 199 of the Complaint and leave Plaintiff Lum to his proof.

182.   In answer to paragraph 200 of the Complaint, Defendants admit that Plaintiff Lum submitted a religious accommodation request on October 5, 2021, stating in part that "God created and blessed [him] with a wonderful, healthy immune system. [Plaintiff Lum] ha[s] faith in His design and will not defile or alter it with unwanted intrusions into [his] body. Corinthians 6:19-20."  Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 200, and on that basis deny them and leave Plaintiff Lum to his proof.

183.   In answer to paragraph 201 of the Complaint, Defendants admit that, on December 17, 2021, Hawaiian denied Plaintiff Lum's request for religious accommodation.  Defendants also admit that its denial of Plaintiff Lum's religious accommodation request stated that his "statements demonstrate a personal preference in [his] decision to not take the COVID-19 vaccine." Defendants deny the remaining allegations in paragraph 201 of the Complaint, and leave Plaintiff Lum to his proof.

184.   In answer to the allegations contained in Paragraph 202 of the Complaint, Defendants deny that Hawaiian did not engage in an interactive process with Plaintiff Lum.  Defendants are without information or knowledge sufficient to

form a belief as to the truth or falsity of the remaining allegations contained in paragraph 202 of the Complaint and, on that basis, deny them and leave Plaintiff Lum to his proof.

185.   In answer to paragraph 203 of the Complaint, Defendants admit that Hawaiian's denial of Plaintiff Lum's religious accommodation request stated that "[Hawaiian] would not be able reasonably [sic] accommodate [his] working because it would cause an undue hardship to [Hawaiian]."  Defendants deny the remaining allegations in paragraph 203 of the Complaint, and leave Plaintiff Lum to his proof.

186.   In answer to the allegations contained in Paragraph 204 of the Complaint, Defendants deny that Hawaiian did not engage in an interactive process with Plaintiff Lum.  Defendants deny that there were other accommodations available that would not cause undue hardship.  Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 204 of the Complaint and, on that basis, deny them and leave Plaintiff Lum to his proof.

187.   In answer to the allegations contained in Paragraph 205 of the Complaint, Defendants admit that Plaintiff Lum was placed on unpaid leave. Defendants deny that Hawaiian "robbed" Plaintiff Lum of his paycheck and benefits and "took away his retirement flight."  Defendants are without information

55

or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 205 of the Complaint and, on that basis, deny them and leave Plaintiff Lum to his proof.

188.   In answer to the allegations in paragraph 206 of the Complaint, Defendants admit that Plaintiff Saiki was employed with Hawaiian from September 17, 1985 to December 31, 2021 when he retired as an Airbus A330 Captain.

189.   In answer to the allegations contained in Paragraph 207 of the Complaint, Defendants admit that Plaintiff Saiki worked for Hawaiian for a length of time during the period referred to as the "duration of the pandemic." The "duration of the pandemic" is, however, vague and ambiguous as to what exact time period Plaintiffs are referring to, and on that basis Defendants deny the allegation that Plaintiff Saiki worked throughout the duration of the pandemic. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 207 of the Complaint, and therefore deny them and leave Plaintiff Saiki to his proof.

190.   Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 208 of the Complaint, and on that basis, deny them and leave Plaintiffs to their proof.

10109927\000047\123293416\V-2

191.   In answer to the allegations in Paragraph 209 of the Complaint, Defendants admit that Plaintiff Saiki submitted his COVID-19 Vaccination Religious Accommodation Request Form on October 1, 2021.  Defendants also admit that Plaintiff Saiki referenced Mathew 7:7 and 1st Corinthians 3:16-19 in his COVID-19 Vaccination Religious Accommodation Request Form.  Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegation in paragraph 209 of the Complaint that Plaintiff Saiki has followed his religious belief for over two decades and that he provided Defendants evidence to that effect, and on that basis, deny them and leave Plaintiff Saiki to his proof.

192.   In answer to the allegations contained in paragraph 210, Defendants admit that Hawaiian sent a letter denying his request for religious accommodation, which stated: "Although you have a sincere religious belief, [Hawaiian] cannot reasonably accommodate you because it would cause an undue hardship that will result in significant disruption to our operation.  Based on our assessment of your position and duties in this current environment, we cannot safely accommodate you because your role does not allow for maintaining baseline COVID-19 safety protocols, specifically maintaining physical distance and mandatory masking."

193.   Defendants deny the allegations contained in paragraph 211 of the Complaint and leave Plaintiff Saiki to his proof.

194.   In answer to the allegations contained in paragraph 212 of the Complaint, Defendants deny that Hawaiian did not engage in an interactive process with Plaintiff Saiki.  Defendants deny that there were other accommodations available that would not cause undue hardship.  Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 212 of the Complaint and, on that basis, deny them and leave Plaintiff Saiki to his proof.

195.   In answer to the allegations contained in paragraph 213 of the Complaint, Defendants admit that Plaintiff Saiki was informed that he would be placed on unpaid leave beginning in January 2022.

196.   Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 213 of the Complaint and, on that basis, deny them and leave Plaintiff Saiki to his proof.

197.   In answer to the allegations contained in paragraph 214 of the Complaint, Defendants admit that Plaintiff Saiki retired on December 31, 2021. Defendants deny that Plaintiff Saiki was constructively discharged and are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 214 of the Complaint and, on that basis, deny them and leave Plaintiff Saiki to his proof.

58

198.   In answer to the allegations contained in paragraph 215 of the Complaint, Defendants admit that Plaintiff Aukai has worked as a Flight Attendant for Hawaiian for almost 27 years.

199.   In answer to the allegations contained in Paragraph 216 of the Complaint, Defendants admit that as a Flight Attendant, Plaintiff Aukai's responsibilities include explaining safety protocols, handling any emergencies that arise, serving drinks and food, and generally helping customers.

200.   Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 217 of the Complaint and, on that basis, deny them and leave Plaintiff Aukai to her proof.

201.   In answer to the allegations contained in paragraph 218 of the Complaint, Defendants admit that Plaintiff Aukai submitted a request for COVID-19 Vaccination Religious Accommodation Request Form on October 1, 2021 in which she stated in part "Taking this vaccine and knowing that fetal cell lines are used in it would cause me great distress, therefore I humbly ask that my request for Religious Accommodation be accepted."  Defendants also admit, that Plaintiff Aukai attached a letter purporting to be from J.D. Farag, which speaks for itself. Defendants deny the remaining allegations in Paragraph 218 of the Complaint.

202.   In answer to the allegations contained in paragraph 219 of the Complaint, Defendants admit that on her COVID-19 Vaccination Religious Accommodation Request Form, in response to the prompt, "Describe any alternate accommodations that might address your needs:" Plaintiff Aukai wrote, "Negotiable."  Defendants deny the remaining allegations contained in paragraph 219 of the Complaint and leave Plaintiff Aukai to her proof.

203.   In answer to the allegations contained in paragraph 220 of the Complaint, Defendants admit that on October 26, 2021, there was a meeting with Plaintiff Aukai regarding her request for a religious accommodation to obtain additional information from her.  In that meeting, the interviewer asked Plaintiff Aukai questions about her religious beliefs, adult vaccine history, and usage of medications.  Defendants deny the remaining allegations contained in paragraph 220 of the Complaint and leave Plaintiff Aukai to her proof.

204.   In answer to the allegations in paragraph 221 of the Complaint, Defendants admit that Hawaiian sent Plaintiff Aukai a denial letter dated November 29, 2021, which stated, among other things, "While we recognize that some of our teammates need a reasonable accommodation, your statements demonstrate that your objection to the vaccine relies on your beliefs regarding the safety and/or efficacy of the COVID-19 vaccine as well as your personal lifestyle

choices.  This indicates a personal preference in your decision not to take the COVID-19 vaccine."

205.   Defendants deny the allegations contained in paragraphs 222–223 of the Complaint and leave Plaintiff Aukai to her proof.

206.   In answer to the allegations in paragraph 224 of the Complaint, Defendants deny that Hawaiian "forced an impossible choice" on Plaintiff Aukai and that she was "coerced into taking the vaccine."  Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 224 of the Complaint and, on that basis, deny them and leave Plaintiff Aukai to her proof.

207.   Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegation in paragraph 225 of the Complaint regarding under which Federal Rules of Civil Procedure Plaintiffs bring this lawsuit, and on that basis, deny the allegation that Plaintiffs bring this class action under Federal Rules of Civil Procedure 23(a) and (b) and leave Plaintiffs to their proof.  Defendants deny that this lawsuit meets the requirements of Federal Rules of Civil Procedure 23(a) and (b) and leave Plaintiffs to their proof.

208.   Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 226 of the Complaint, and on that basis, deny the allegations and leave Plaintiffs to their proof.

209.   Defendants deny the allegations contained in paragraph 227 in the Complaint.

210.   In answer to the allegations in paragraph 228 of the Complaint, Defendants deny that the class is so numerous that joinder of all members is impractical.  Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations that "the exact class size is unknown to Plaintiffs at this time, and it is expected to exceed 500 employees," and on that basis, denies the allegations and leaves Plaintiffs to their proof. Defendants deny the remaining allegations in paragraph 228 of the Complaint and leave Plaintiffs to their proof.

211.   Defendants deny the allegations contained in paragraph 229–233 in the Complaint.

212.   In answer to paragraph 234 of the Complaint, Defendants restate the foregoing responses to the foregoing paragraphs as if set forth fully herein.

213.   Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 235 of the Complaint, and on that basis, deny the allegations and leave Plaintiffs to their proof.

214.   In answer to the allegations in paragraph 236 of the Complaint, Defendants admit: (1) Plaintiffs Young, Badiang, Franks, and Saiki provided Hawaiian with information regarding their claims of sincerely held religious

62

beliefs and requested accommodations from the COVID-19 vaccine policy; and (2) Plaintiffs O'Hailpin, Arizumi, Espinosa, Lum, and Aukai requested religious accommodations from the COVID-19 vaccine policy.  Defendants deny the remaining allegations in paragraph 236 of the Complaint and leave Plaintiffs to their proof.

215.   Defendants deny the allegations contained in paragraphs 237–242.

216.   In answer to the allegations in paragraph 243 of the Complaint, Defendants restate the foregoing responses to the foregoing paragraphs as if set forth fully herein.

217.   Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 244 of the Complaint, and on that basis, deny the allegations and leave Plaintiffs to their proof.

218.   Defendants deny the allegations contained in paragraphs 245–248.

219.   In answer to the allegations in paragraph 249 of the Complaint, Defendants restate the foregoing responses to the foregoing paragraphs as if set forth fully herein.

220.   Defendants deny the allegations contained in paragraph 250 of the Complaint as they call for legal conclusions and leave Plaintiffs to their proof.

221.   Defendants deny the allegations contained in paragraphs 251–256.

222.   In answer to the allegations in paragraph 257 of the Complaint, Defendants restate the foregoing responses to the foregoing paragraphs as if set forth fully herein.

223.   Defendants deny the allegations contained in paragraph 258 of the Complaint as they call for legal conclusions and leave Plaintiffs to their proof.

224.   In answer to the allegations in paragraph 259 of the Complaint, Defendants admit Plaintiffs O'Hailpin, Arizumi, and Lum informed Hawaiian of their alleged medical conditions and requested accommodations from Hawaiian's COVID-19 vaccine policy based on their alleged medical conditions.  Defendants deny the remaining allegations in paragraph 259 of the Complaint and leave Plaintiffs to their proof.

225.   Defendants deny the allegations contained in paragraphs 260–266.

226.   In answer to the allegations in paragraph 267 of the Complaint, Defendants restate the foregoing responses to the foregoing paragraphs as if set forth fully herein.

227.   Defendants deny the allegations contained in paragraph 268 of the Complaint as they call for legal conclusions and leave Plaintiffs to their proof.

228.   Defendants deny the allegations contained in paragraphs 269–273.

10109927\000047\123293416\V-2

## THIRD DEFENSE

229.  Plaintiffs' claims are barred to the extent that accommodating Plaintiff's requests caused (or would have caused) Hawaiian undue hardship.

## FOURTH DEFENSE

230.  Plaintiffs' claims, in whole or in part, may be barred by the applicable statute of limitations.

## FIFTH DEFENSE

231.  Hawaiian's actions as alleged in the Complaint were at all times, reasonable, privileged and justified.

## SIXTH DEFENSE

232.  Plaintiffs' claims for damages are barred or reduced to the extent that they failed to properly mitigate their alleged damages.

## SEVENTH DEFENSE

233.  Plaintiffs' claims are barred by the doctrines of laches and waiver.

## EIGHTH DEFENSE

234.  Plaintiffs' claims for damages are barred by the doctrines of estoppel and unclean hands.

## NINTH DEFENSE

235.  Any and all conduct about which Plaintiffs complain was a proper exercise of management discretion by Hawaiian and was undertaken for legitimate,

10109927\000047\123293416\V-2

bona fide, non-discriminatory business reasons. All standards and selection criterion used by Hawaiian are job-related and consistent with business necessity.

## TENTH DEFENSE

236. Hawaiian exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior.

## ELEVENTH DEFENSE

237. Plaintiffs are barred from maintaining their claims against Defendants by reason of their own negligence or other wrongful conduct, which caused the injuries alleged in the Complaint.

## TWELFTH DEFENSE

238. The Complaint fails to state facts sufficient to constitute any legally cognizable basis for awarding punitive damages. None of the conduct alleged in the Complaint is outrageous, malicious, oppressive and/or willful; the alleged conduct cannot sustain any request for punitive damages. Any award of punitive damages would violate Defendants' rights under the United States Constitution and the Hawai'i State Constitution, including their rights to procedural and substantive due process and the Excessive Fines Clause.

## THIRTEENTH DEFENSE

239.   The Complaint and each purported cause of action alleged therein fails to allege facts sufficient to allow recovery of costs, including prejudgment interest.

## FOURTEENTH DEFENSE

240.   Plaintiffs' claims are barred, in whole or in part, because they failed to exhaust their administrative remedies.

## FIFTEENTH DEFENSE

241.   Hawaiian's actions were taken in good faith based on the information available.

## SIXTEENTH DEFENSE

242.   The proximate cause of Plaintiffs' injuries and damages, if any, was Plaintiffs' conduct and not any conduct by Defendants.

## SEVENTEENTH DEFENSE

243.   To the extent Plaintiffs have suffered any symptoms of mental, emotional, or physical distress or injury, they are the result of pre-existing physical or psychological conditions or an alternative concurrent cause, and not the result of any act or omission of Defendants.

10109927\000047\123293416\V-2

## EIGHTEENTH DEFENSE

244.   Plaintiffs' claims for emotional distress are barred by Hawaii's

Worker's Compensation Law, H.R.S. Chapter 386.

## NINETEENTH DEFENSE

245.   Any failure to engage or participate in the interactive process was due

to the failings of the Plaintiffs, not Hawaiian.

## TWENTIETH DEFENSE

246.   Plaintiffs were not qualified individuals within the meaning of the

ADA.

## TWENTY-FIRST DEFENSE

247.   Plaintiffs did not have sincerely held religious beliefs.

## TWENTY-SECOND DEFENSE

248.   To the extent Plaintiffs have suffered any symptoms of mental,

emotional, or physical distress or injury, they are the result of pre-existing physical

or psychological conditions or an alternative concurrent cause, and not the result of

any act or omission of Hawaiian.

249.   Defendants may have additional affirmative defenses based on facts

or legal theories that come to light during this case, and expressly reserves the right

to amend their answer herein to state additional affirmative or other defenses that

may become known.

68

WHEREFORE, Defendants HAWAIIAN AIRLINES, INC. and

HAWAIIAN HOLDINGS, INC. pray that:

A.    Plaintiffs take nothing by way of the Complaint;

B.    The Court dismisses the Complaint, with prejudice;

C.    Plaintiffs' claims for compensatory damages, pre-judgment interest,

post-judgment interest, punitive damages, attorneys' fees and any other requested

relief, be denied;

D.    Defendants be awarded judgment in their favor;

E.    Defendants be awarded their costs herein, including reasonable

attorneys' fees; and

F.    Defendants have such other further relief as this Court may deem just

and proper.

DATED:  Honolulu, Hawai`i, March 6, 2023.


  /S/ JOHN RHEE
PAUL ALSTON
NICKOLAS A. KACPROWSKI
JOHN RHEE
CHRISTINE BELCAID

Attorneys for Defendants
HAWAIIAN AIRLINES, INC. and
HAWAIIAN HOLDINGS, INC.

69