IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RIKI O'HAILPIN; NINA ARIZUMI; | ) | CIV. NO. 22-00532 HG-WRP |
| ROBERT ESPINOSA; ERWIN YOUNG; | ) | |
| PUANANI BADIANG; SABRINA | ) | |
| FRANKS; RONALD LUM; DAN SAIKI; | ) | |
| BRANDEE AUKAI, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWAIIAN AIRLINES, INC.; | ) | |
| HAWAIIAN HOLDINGS, INC. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER TO SHOW CAUSE WHY COUNT II FOR DISPARATE IMPACT PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 SHOULD NOT BE DISMISSED WITH PREJUDICE**

Plaintiffs are nine separate individuals who were employed or remain employed in various positions by Defendant Hawaiian Airlines, Inc.

In August 2021, Defendant Hawaiian Airlines, Inc. and its parent company Defendant Hawaiian Holdings, Inc. ("Hawaiian Defendants") implemented a mandatory vaccination policy in the midst of the worldwide COVID-19 pandemic.

Plaintiffs each requested an accommodation from the Hawaiian Defendants, seeking an exemption from the vaccination policy. Plaintiffs claimed that they needed an accommodation based on their religious beliefs and/or medical needs.

1

The Hawaiian Defendants denied Plaintiffs' requests for exemptions from the vaccination policy.  According to the Complaint, Plaintiffs were offered leave without pay status in lieu of vaccination or they were terminated if they declined.

Plaintiffs filed suit against the Hawaiian Defendants. Count II of the Complaint alleges a claim for disparate impact in violation of Title VII of the Civil Rights Act of 1964.

## I.    Plaintiffs' Disparate Impact Claim

Title VII of the Civil Rights Act of 1964 prohibits an employer from using a particular employment practice that causes a disparate impact on the basis of religion unless the employer can show that the practice is job-related and consistent with business necessity.  Bolden-Hardge v. Office of Cal. State Controller, 63 F.4th 1215, 1227 (9th Cir. 2023) (citing 42 U.S.C. § 2000e-2(k)(1)(A)(i)).

To establish a claim, plaintiff must:

(1)   show a significant disparate impact on a protected class or group;

(2)   identify the specific employment practices or selection criteria at issue; and

(3)   show a causal relationship between the challenged practices or criteria and the disparate impact.

Hemmings v. Tidyman's Inc., 285 F.3d 1174, 1190 (9th Cir. 2002).

2

## II.  Plaintiffs Have Not Pled Or Established A Protected Class Or Group For Purposes Of A Disparate Impact Claim

Plaintiffs Espinosa and Saiki are set for trial on June 9, 2025.  Plaintiffs have not pled or established that Plaintiffs Espinosa and Saiki are members of a protected class or group for purposes of a disparate impact claim.

The Complaint alleges that Plaintiff Espinosa could not receive a COVID-19 vaccine because he is a "follower of Christ and the Bible" who "believes that he must take care of his body as a temple of the Holy Spirit." (Complaint at ¶¶ 150, 23, ECF No. 1).  Plaintiff Saiki is a "member of the Church of Jesus Christ of Latter-Day Saints" and "explained that God had directly [sic] him and his family not to take any vaccines."  (Id. at ¶¶ 28, 209).

To the extent Plaintiffs intend to claim the Hawaiian Defendants' vaccination policy had a disparate impact on Christians (or even on all religious employees) who opposed vaccinations for COVID-19, such a group or class is not protected pursuant to Title VII of the Civil Rights Act of 1964.  Cox v. Northwest Regional Education Service District, 2024 WL 777598, at *13-*14 (D. Or. Feb. 23, 2024); Brown v. Alaska Airlines, Inc., 2024 WL 2325058, at *16-*17 (W.D. Wash. May 22, 2024)

As explained in Dunbar v. Walt Disney Co., 2022 WL 18357775, at *3 (C.D. Cal. July 25, 2022), a plaintiff cannot narrowly

3

define its disparate impact class based on its particular religious belief rather than the broader religious faith or group to which it belongs.  See also Dunbar v. Walt Disney Co., 2022 WL 18357776, at *2 (C.D. Cal. Nov. 3, 2022) (explaining that a protected group cannot be identified solely by the existence of the alleged discriminatory employment practice).

Numerous courts in the Ninth Circuit have ruled that employees cannot assert a disparate impact claim by defining the group as comprised of religious individuals against vaccinations. Loyd v. McKesson Corp., 2025 WL 563452, *7 (D. Ariz. Feb. 20, 2025); Niemeyer v. NW Permanente, 2024 WL 4693894, *6 (D. Or. Nov. 6, 2024); Andazola v. Kaiser Permanente, 2024 WL 3914610, at *10 (C.D. Cal. July 26, 2024); Matthews v. Legacy Health, 2024 WL 3970794, *3 (D. Or. Aug. 26, 2024).  Disparate impact claims are limited to a specific religious faith or group, including articulable sub-groups, but not all those who share a common belief.  Dunbar, 2022 WL 18357775, at *3.

Plaintiffs are **ORDERED TO SHOW CAUSE** why Count II in the Complaint for disparate impact as to Plaintiffs Espinosa and Saiki should not be dismissed with prejudice.

//

//

//

//

4

Plaintiffs shall file their Response on or before Tuesday, May 13, 2025.

Defendants shall file their Response on or before Tuesday, May 20, 2025.

IT IS SO ORDERED.

DATED: May 6, 2025, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

Riki O'Hailpin; Nina Arizumi; Robert Espinosa; Erwin Young; Puanani Badiang; Sabrina Franks; Ronald Lum; Dan Saiki; Brandee Aukai vs. Hawaiian Airlines, Inc.; Hawaiian Holdings, Inc., 22-cv-00532 HG-WRP; **ORDER TO SHOW CAUSE WHY COUNT II FOR DISPARATE IMPACT PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 SHOULD NOT BE DISMISSED WITH PREJUDICE**