IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RIKI O'HAILPIN; NINA ARIZUMI; ROBERT ESPINOSA; ERWIN YOUNG; PUANANI BADIANG; SABRINA FRANKS; RONALD LUM; DAN SAIKI; BRANDEE AUKAI, | ) ) ) ) ) | CIV. NO. 22-00532 HG-WRP |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| HAWAIIAN AIRLINES, INC.; HAWAIIAN HOLDINGS, INC. | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING DEFENDANT HAWAIIAN AIRLINES, INC.'S MOTION TO BIFURCATE (ECF No. 176)**

Plaintiffs are nine separate individuals who were employed or remain employed in various positions by Defendant Hawaiian Airlines, Inc.

In August 2021, Defendant Hawaiian Airlines, Inc. and its parent company Defendant Hawaiian Holdings, Inc. ("Hawaiian Defendants") implemented a mandatory vaccination policy in the midst of the worldwide COVID-19 pandemic.

Plaintiffs each requested an accommodation from the Hawaiian Defendants, seeking an exemption from the vaccination policy. Plaintiffs claimed that they needed an accommodation based on their religious beliefs and/or medical needs.

The Hawaiian Defendants denied Plaintiffs' requests for

1

exemptions from the vaccination policy.  According to the
Complaint, Plaintiffs were offered leave without pay status in
lieu of vaccination or they were terminated if they declined.

Plaintiffs filed suit against the Hawaiian Defendants,
claiming failure-to-accommodate their religions and retaliation
pursuant to Title VII of the Civil Rights Act of 1964 and
failure-to-accommodate their disabilities and retaliation
pursuant to the Americans With Disabilities Act of 1990.

Defendants seek to bifurcate trial between liability and
damages.

Plaintiffs oppose.

Defendants' Motion to Bifurcate (ECF No. 176) is **GRANTED.**

The Court also elects to conduct separate trials.  The
Plaintiffs will be grouped according to the similar causes of
action and allegations in the Complaint.  The Court will hold the
first trial of two individual Plaintiffs, Pilots Robert Espinosa
and Dan Saiki, to ensure due process and avoid juror confusion.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 42(b) provides, in pertinent
part:

> For convenience, to avoid prejudice, or to expedite and
> economize, the court may order a separate trial of one
> or more separate issues, claims, crossclaims, counter-
> claims, or third-party claims.  When ordering a
> separate trial, the court must preserve any federal
> right to a jury trial.

Fed. R. Civ. P. 42(b).

District courts have broad authority to try issues or claims separately pursuant to Fed. R. Civ. P. 42(b).  M2 Software, Inc. v. Madacy Entm't, 421 F.3d 1073, 1088 (9th Cir. 2005).

In determining whether separate trials are appropriate, courts consider several factors, most commonly whether separate trials will result in judicial economy and whether separate trials will unduly prejudice either party.  Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 890 F.2d 165, 170 (9th Cir. 1989); MySpace, Inc. v. Graphon Corp., 732 F.Supp.2d 915, 917 (N.D. Cal. 2010).

## ANALYSIS

Federal Rule of Civil Procedure 42(b) allows the District Court, in its discretion, to bifurcate trial on separate issues or claims for convenience of the Court and the Parties.  In re Hyatt Corp., 262 F.R.D. 538, 543 (D. Haw. 2009).

Courts generally address the following factors when determining whether to bifurcate proceedings into separate trials:

(1)  potential simplification and expedition of issues;

(2)  conservation of judicial resources and resources of the parties;

(3)  potential unfair prejudice to any of the parties;

(4)  preservation of the parties' right to a jury trial.

See Jinro Am. Inc. v. Secure Investments, Inc., 266 F.3d 993, 998 (9th Cir. 2001); Clark v. I.R.S., 772 F.Supp.2d 1265, 1269 (D. Haw. 2009).

Rule 42(b) is intended to further a number of significant policies but it is the interest of efficient judicial administration that is controlling under the rule, rather than the wishes of the parties.  9A Wright & Miller, § 2388, at pp. 93-94 (3d ed., supp. 2019) (citing Mosqueda v. Cnty. of Los Angeles, 171 Fed. Appx. 16 (9th Cir. 2006)).

## I.    Bifurcation Between Liability And Damages

### A.    Simplification And Expedition Of Issues

The Ninth Circuit Court of Appeals has explained that bifurcation is appropriate between liability and damages when there may be an "easier, dispositive issue" for the jury to decide.  Estate of Diaz v. City of Anaheim, 840 F.3d 592, 601 (9th Cir. 2016).

A verdict as to the issue of undue hardship to Defendants is potentially dispositive of any liability for damages, and may simplify issues for subsequent trials with other Plaintiffs. Danjaq LLC v. Sony Corp., 263 F.3d 942, 961 (9th Cir. 2001) (explaining that bifurcation is appropriate to allow the jury to determine a potentially dispositive issue first and avoid potential prejudice and confusion).

Evidence related to damages is not necessary in order to determine liability.  The issues relating to damages and punitive damages will require separate evidence and analysis and need not be reached if there is no finding of liability.  Agena v. Cleaver-Brooks, Inc., Civ. No. 19-00089 DKW-RT, 2020 WL 3052204, *9 (D. Haw. June 8, 2020) (ordering bifurcation between liability and damages phases of trial where the evidence did not necessarily overlap); In re Bard IVC Filters Prods. Liab. Litig., 2018 WL 4184950, *2 (D. Ariz. Aug. 31, 2018) (ordering bifurcation of punitive damages).

The Court finds that bifurcation in this case between liability and damages will simplify and expedite issues, conserve judicial resources and resources of the parties, and will not unduly prejudice any party.  Jinro Am. Inc., 266 F.3d at 998.

**B.    Conservation Of Resources**

Bifurcation is particularly appropriate when it would permit the deferral of costly and possibly unnecessary proceedings pending resolution of a potentially dispositive preliminary issue.  Exxon Co. v. Sofec, Inc., 54 F.3d 570, 576 (9th Cir. 1995).

Here, allowing the Parties and the Court to conserve resources and potentially avoid unnecessary proceedings favors bifurcation between liability and damages.  Each side has

5

potential expert witnesses on damages, including issues of
mitigation, and bifurcation may conserve resources on these
issues if they need not be reached.

### C.   Risk Of Unfair Prejudice

Bifurcation would be improper if it would result in
prejudice to a party, for example, by increasing expense, causing
duplication of evidence, or deciding overlapping issues.

Here, resolution of liability and, in particular, the undue
hardship defense would minimize expense and will not unduly
burden either Party.  Jinro Am. Inc., 266 F.3d at 998.

### D.   Preservation Of The Parties' Right To Jury Trial

Rule 42(b) specifically requires that separate trial orders
"preserve any federal right to a jury trial."  Rule 42(b) cannot
be used to deprive a party of its right to a jury trial on legal
issues.  Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 504
(1959).

Here, Plaintiffs will maintain their right to a jury trial
on whether Defendants failed to accommodate them in violation of
Title VII of the Civil Rights Act of 1964 and the Americans With
Disabilities Act of 1990.  There are no equitable claims to be
tried separately.  The damages phase of the trial will also be
conducted by jury trial if liability is found by the jury in the

first phase.

Defendants' Motion to Bifurcate between liability and
damages phases of trial (ECF No. 176) is **GRANTED.**

## II.  Bifurcation Of Separate Trials Among Plaintiffs

Federal Rule of Civil Procedure 42(b) allows for the Court
to order separate trials among the plaintiffs for convenience, to
avoid prejudice, or to expedite and economize.  Jinro Am. Inc.,
266 F.3d at 998.

### A.    Separate Trials Are Necessary To Ensure Individualized Assessment Of The Plaintiffs

Numerous courts have ruled that separate trials are
appropriate when a complaint concerns multiple plaintiffs who
allege they were subject to discrimination by the same employer.
See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir.
2000).  Separate trials in such instances are necessary in order
to ensure that each plaintiff's claim is considered on an
individual basis even when there is overlap in the factual
allegations.  Renati v. Wal-Mart Stores, Inc., 2019 WL 5536206,
*5 (N.D. Cal. Oct. 25, 2019).

Here, the nine separate Plaintiffs are each factually and
legally distinguishable.  Each Plaintiff brings different causes
of action, they have different job titles and duties, different
alleged religious beliefs, different alleged disabilities, and

different requests for accommodations.

Separate trials are particularly appropriate where the plaintiffs attempted to bring a class action lawsuit, such as here, but failed to establish class certification given the differences in the individualized claims. Corley v. Google, Inc., 316 F.R.D. 277, 286 (N.D. Cal. Aug. 19, 2016) (ordering separate trials after denying class certification because each plaintiff needed to produce individualized proof of a crucial element of their claim and the defendant needed to undertake an individualized analysis to defend against each of the plaintiff's claims).

## B.    Separate Trials Are Necessary To Avoid Prejudice And Prevent Juror Confusion

Separate trials are appropriate in cases where multiple plaintiffs are challenging individualized employment decisions by the same employer, even where there is some degree of overlap among causes of action, evidence, and witnesses. Paglia v. Emeritus Corp., 2009 WL 10695882, *4 (N.D. Cal. Sept. 23, 2009). The Ninth Circuit Court of Appeals has ruled that separate trials are appropriate in such cases to avoid prejudice and a potential "parade of terminated employees and the possibility of factual and legal confusion on the part of the jury." Coleman, 232 F.3d at 1297.

The nine Plaintiffs include flight attendants, pilots, an

aircraft technician, a corporate training manager, and a customer
service agent.  These jobs have different requirements and wholly
different analyses regarding potentially available
accommodations.

Some plaintiffs have disability claims in addition to
religious discrimination claims.  Some plaintiffs allege they
were terminated, others remain employed by the Defendants, while
others retired.  The Defendants assert they made individualized
assessments of each Plaintiff's unique accommodations request.
Even though each Plaintiff brings a religious accommodations
claim, the Plaintiffs belong to different religious groups.

Separate trials are necessary in this case to avoid
prejudice and to prevent juror confusion among the different
Plaintiff's individual claims.  Coleman, 232 F.3d at 1297;
Corley, 316 F.R.D. at 286; Paglia, 2009 WL 10695882, at *4.

Each Plaintiff has his or her own basis for seeking
religious exemption and is entitled to have an individualized
assessment of the sincerity of his or her religious beliefs.
Defendants are also entitled to put forth the basis for the
denial of each individual Plaintiff's requests for accommodation.

## CONCLUSION

Defendants' Motion to Bifurcate (ECF No. 176) is **GRANTED.**

The Court will bifurcate trials between liability and damages phases.

The Court also elects to hold separate trials pursuant to Fed. R. Civ. P. 42(b) rather than try all of the Plaintiffs in one trial.  The Court will hold the first trial of two individual Plaintiffs to ensure due process and avoid juror confusion.

By agreement of the Parties, the first trial will be held with two Plaintiffs: Pilots Robert Espinosa and Dan Saiki.

IT IS SO ORDERED.

DATED: May 7, 2025, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Riki O'Hailpin; Nina Arizumi; Robert Espinosa; Erwin Young; Puanani Badiang; Sabrina Franks; Ronald Lum; Dan Saiki; Brandee Aukai vs. Hawaiian Airlines, Inc.; Hawaiian Holdings, Inc., 22-cv-00532 HG-WRP; **ORDER GRANTING DEFENDANTS' MOTION TO BIFURCATE (ECF No. 176)**