IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
RIKI O'HAILPIN; NINA ARIZUMI;      )   CIV. NO. 22-00532 HG-WRP
ROBERT ESPINOSA; ERWIN YOUNG;      )
PUANANI BADIANG; SABRINA           )
FRANKS; RONALD LUM; DAN SAIKI;     )
BRANDEE AUKAI,                     )
                                   )
              Plaintiffs,          )
                                   )
         vs.                       )
                                   )
HAWAIIAN AIRLINES, INC.;           )
HAWAIIAN HOLDINGS, INC.            )
                                   )
                                   )
              Defendants.          )
_____)
```

**ORDER GRANTING DEFENDANTS HAWAIIAN AIRLINES, INC. AND HAWAIIAN
HOLDINGS, INC.'S MOTIONS IN LIMINE #1 AND #2 (ECF Nos. 244 and
245)**

Plaintiffs Robert Espinosa and Dan Saiki filed suit against
Defendant Hawaiian Airlines, Inc. and its parent company
Defendant Hawaiian Holdings, Inc. ("Hawaiian Defendants").

Plaintiffs' suit claims the Hawaiian Defendants failed to
accommodate their religious beliefs in violation of Title VII of
the Civil Rights Act of 1964.

Plaintiff Robert Espinosa is a First Officer who remains
employed by Defendant Hawaiian Airlines, Inc.  Plaintiff Espinosa
alleges that he was placed on leave without pay status for
approximately nine months between January 2022 and October 2022.
Plaintiff Espinosa claims he was placed on leave without pay

1

status because he refused to comply with the airline's mandatory vaccination policy imposed during the worldwide COVID-19 pandemic.  Plaintiff Espinosa claims he refused to comply with the policy on religious grounds as a Christian.

Plaintiff Dan Saiki was employed as a Captain by Defendant Hawaiian Airlines, Inc.  Plaintiff Saiki alleges that he was forced to take an early retirement in December 2021 because he refused to comply with the mandatory vaccination policy on religious grounds as a member of the Church of Jesus Christ of Latter-day Saints.

The Hawaiian Defendants have filed two Motions in Limine.

## ANALYSIS

**DEFENDANTS' MOTION IN LIMINE NO. 1:**      **RE: To Exclude Any Evidence Regarding Defendants' Review and Decisions Regarding Accommodations Requests By Other Employees (ECF No. 245)**

Defendants Hawaiian Airlines, Inc. and Hawaiian Holdings, Inc. ("Hawaiian Defendants") filed Motion in Limine No. 1, seeking to preclude evidence of other employees' requests to be exempt from their vaccination policy on religious and disability grounds.

Plaintiffs oppose and wish to introduce evidence regarding the Hawaiian Defendants' review of the 268 employees who sought

exemptions from the vaccination policy.

**A.    Evidence Regarding Other Employees' Accommodations Requests Are Not Relevant To Plaintiffs' Causes Of Action**

**1.    Other Employees' Accommodations Requests For Disability Are Irrelevant To Plaintiffs' Religious Accommodations Claims**

Plaintiffs do not have any cause of action for failure-to-accommodate pursuant to the Americans With Disabilities Act of 1990.

**Evidence regarding other employees' requests for accommodations based on their purported disabilities is not relevant to Plaintiffs' claims based on religious accommodations.**

**2.    Plaintiffs' Attempt to Bring A Class Action Complaint Was Denied And Does Not Provide A Basis To Introduce Evidence As To Other Employees' Accommodations Requests**

Plaintiffs' case is not a class action.  Plaintiffs' attempt to bring a class action was denied nearly 18 months ago on December 12, 2023.  (ORDER DENYING PLAINTIFFS' MOTION TO CERTIFY CLASS AND APPOINT CLASS COUNSEL, ECF No. 101).

Plaintiffs never amended their Complaint.  (ECF No. 1).

**The class allegations in the Complaint are irrelevant for trial.  The allegations regarding other Plaintiffs are inapplicable and irrelevant at trial for Plaintiffs Espinosa and**

3

Saiki.

>3.   **There Is No Claim For Intentional Discrimination That Would Provide A Basis To Introduce Evidence Of Other Employees' Experiences**

Evidence of discrimination toward other employees is generally only relevant to claims of intentional discrimination. Evidence of the treatment of other employees in the same protected class may be offered to show bias or intent to discriminate in evaluating claims of disparate treatment, disparate impact, or intentional discrimination. See Petrov v. Hebert Research, Inc., 2015 WL 4508708, *5 (W.D. Wash. July 24, 2015) (citing Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 388 (2008) and Lyons v. England, 307 F.3d 1092, 1110-11 (9th Cir. 2002)).

Here, Plaintiffs Espinosa and Saiki, however, have not brought claims of disparate treatment or intentional discrimination pursuant to Title VII of the Civil Rights Act of 1964. Plaintiffs' claims are limited to failure-to-accommodate theories of discrimination.

>a.   **Plaintiffs Have Failed To Allege A Disparate Treatment Claim**

Plaintiffs have not lodged claims based on disparate treatment because such claims would fail. There is no evidence and are no allegations that similarly situated employees who also

4

refused vaccinations but were outside of the Plaintiffs'
religions were treated more favorably.

As explained by the Ninth Circuit Court of Appeals in <u>Leake</u>
<u>v. Raytheon Technologies Corp.</u>, 2024 WL 1854287, *1, (9th Cir.
Apr. 29, 2024), in order to prove a disparate treatment claim for
religious discrimination in the context of an employer's COVID-19
vaccine policy, a religious employee who claims that he was
discriminated against for failing to comply with the vaccination
policy would need to prove that non-religious employees who also
failed to comply with the vaccination policy were not subjected
to the same adverse employment actions.

To the contrary, Plaintiffs allege, just as in <u>Leake</u>, that
there was a blanket accommodations policy and anyone who declined
vaccination was subjected to leave without pay status regardless
of their religious beliefs.  The Ninth Circuit Court of Appeals
ruled that a theory of disparate treatment based on a blanket
accommodations policy to all employees is not an actionable
disparate treatment religious discrimination claim.  <u>Leake</u>, 2024
WL 1854287, *1.  The United States Supreme Court denied
certiorari, affirming the Ninth Circuit Court of Appeals'
decision.  <u>Leake v. Raytheon Technologies, Corp.</u>, 145 S.Ct. 428
(2024).

**Plaintiffs have not pleaded a disparate treatment cause of
action that would provide a basis to introduce evidence of other**

employees' accommodations requests.

Plaintiffs may not introduce any evidence or argument related to disparate treatment because such a claim is not before the jury.

### b. Plaintiffs Withdrew Their Disparate Impact Claims

Plaintiffs withdrew their claims for disparate impact pursuant to Title VII of the Civil Rights Act of 1964.

Disparate impact causes of action allow for evidence of how other employees were treated in order to establish the impact on a protected class. Plaintiffs withdrew their disparate impact claims because they are not members of the same protected class that would allow for such a claim. Plaintiffs Espinosa and Saiki allege different religious bases for their own actions. They are members of different protected classes.

Plaintiff Espinosa alleges he is a practitioner of an unidentified denomination of Christianity.

Plaintiff Saiki alleges he is a member of the Church of Jesus Christ of Latter-day Saints.

There is no protected class for religious people opposed to vaccines. Plaintiffs cannot claim, as a matter of law, that the Hawaiian Defendants' vaccination policy had a disparate impact on employees who were members of various religions or sects of

Christianity who opposed vaccinations for COVID-19.  Such a group
or class is not protected pursuant to Title VII of the Civil
Rights Act of 1964.  <u>Cox v. Northwest Regional Education Service
District</u>, 2024 WL 777598, at *13-*14 (D. Or. Feb. 23, 2024);
<u>Brown v. Alaska Airlines, Inc.</u>, 2024 WL 2325058, at *16-*17 (W.D.
Wash. May 22, 2024).

As explained in <u>Dunbar v. Walt Disney Co.</u>, 2022 WL 18357775,
at *3 (C.D. Cal. July 25, 2022), a plaintiff cannot narrowly
define its disparate impact class based on its particular
religious belief rather than the broader religious faith or group
to which it belongs.  <u>See also</u> <u>Dunbar v. Walt Disney Co.</u>, 2022 WL
18357776, at *2 (C.D. Cal. Nov. 3, 2022) (explaining that a
protected group cannot be identified solely by the existence of
the alleged discriminatory employment practice).

Numerous courts in the Ninth Circuit have ruled that
employees cannot assert a disparate impact claim by defining the
group as religious individuals against vaccinations.  <u>Loyd v.
McKesson Corp.</u>, 2025 WL 563452, *7 (D. Ariz. Feb. 20, 2025);
<u>Niemeyer v. NW Permanente</u>, 2024 WL 4693894, *6 (D. Or. Nov. 6,
2024); <u>Andazola v. Kaiser Permanente</u>, 2024 WL 3914610, at *10
(C.D. Cal. July 26, 2024); <u>Matthews v. Legacy Health</u>, 2024 WL
3970794, *3 (D. Or. Aug. 26, 2024).  Disparate impact claims are
limited to a specific religious faith or group, including
articulable sub-groups, but not all those who share a common

belief.  Dunbar, 2022 WL 18357775, at *3.

Plaintiffs have not demonstrated that they are members of a specific religious faith for which they were disparately impacted.  In order to prevail on disparate impact, Plaintiffs would need to provide evidence that their respective faiths were disparately impacted and that the thousands of other employees who received the vaccine were not of their faiths.

**Plaintiffs' withdrawn disparate impact claims do not provide a basis to introduce evidence of other employees' accommodations requests.**

**Plaintiffs may not introduce any evidence or argument related to disparate impact because such a claim is not before the jury.**

> **4.    Plaintiffs' Credibility Is Central To This Case and Other Employees' Accommodations Requests Are Irrelevant To The Validity Of Plaintiffs' Claims**

Plaintiff Espinosa's and Plaintiff Saiki's credibility are at issue and evidence as to other employees' accommodations requests is not relevant to the sincerity of Plaintiff Espinosa's and Plaintiff Saiki's religious beliefs.

> **a.    Plaintiffs Must Establish That Their Claims Are Protected Pursuant To Title VII Of The Civil Rights Act Of 1964**

Title VII of the Civil Rights Act of 1964 protects sincerely

held religious beliefs, but it does not protect medical, social
or political views or personal preferences.  Tiano v. Dillard
Dep't Stores, Inc., 139 F.3d 679, 682 (9th Cir. 1998); Bordeaux
v. Lions Gate Ent., 703 F.Supp.3d 1117, 1133 (C.D. Cal. 2023),
aff'd, 2025 WL 655065 (9th Cir. Feb. 28, 2025).

**Plaintiffs' credibility, the sincerity of Plaintiffs'
religious beliefs, whether the beliefs are bona fide religious
beliefs, and whether there was an actual conflict between the
religious beliefs and the employer's policy are questions of fact
for the jury.  Treatment of other employees' accommodations
requests are not relevant for this inquiry.**

> **b.    Plaintiffs Must Establish That Religion Was A
> Motivating Factor In The Hawaiian Defendants'
> Employment Decisions**

A religious discrimination claim based on failure-to-
accommodate requires a plaintiff to prove that their religious
beliefs were a motivating factor for the employer's adverse
employment decision.  42 U.S.C. § 2000e-2(m); Univ. of Texas Sw.
Med. Ctr. v. Nassar, 570 U.S. 338, 353 (2013).

Here, it is Plaintiff Espinosa's and Plaintiff Saiki's
burden of proof to establish that they needed an accommodation to
the vaccination policy based on their sincerely held religious
beliefs and that such need was a motivating factor in the
Hawaiian Defendants' employment decisions.  E.E.O.C. v.

Abercrombie & Fitch Stores, Inc., 575 U.S. 768, 772 n.2 (2015)
(explaining that an employee or applicant must show his need for
a religious accommodation and that his need for an accommodation
was a motivating factor in the employer's adverse employment
decision).

The United States Supreme Court has ruled that religious
discrimination failure-to-accommodate claims do not have a
knowledge requirement.  Abercrombie, 575 U.S. at 773-74.
Specifically, the employee does not have to prove that the
employer knew about his specific religious beliefs.  Rather, the
plaintiff must prove that the employer's adverse employment
decision was motivated by the perceived need for a religious
accommodation.  Id.

In Abercrombie, the United States Supreme Court explained
that it was enough that the job applicant established that she
was not hired because she was wearing a religious head scarf that
was contrary to the company's policy that precluded head
coverings.  She did not need to prove that the employer knew what
her specific religious beliefs were, only that the failure to
hire was motivated by religion.

Here, there is no dispute that Plaintiffs informed the
Hawaiian Defendants that they requested accommodations based on
their claimed religious beliefs.  There is no issue as to
knowledge regarding the requests in this case.  The lack of

10

knowledge requirement does not alter the need for Plaintiff
Espinosa and Plaintiff Saiki to prove their claims.  There are
two different issues with respect to Plaintiff's religious
beliefs.

First, Plaintiffs must prove that their objection to the
vaccination policy was actually religious in order for Plaintiffs
to be entitled to relief pursuant to Title VII of the Civil
Rights Act.  Plaintiffs' argument that a plaintiff is not
required to demonstrate their protected class to an employer for
a Title VII claim misunderstands the standard.  Religious claims
are slightly different than other Title VII discrimination suits.
Lawsuits based on race, sex, or national origin do not require
the plaintiff to establish that such immutable characteristics
are "sincerely held."  Plaintiffs reliance on cases regarding
class status based on race, sex, or national origin are
misplaced.

Plaintiffs must prove that their claims are actually based
on religious beliefs and are entitled to Title VII protection.
Defendants have put forth evidence that Plaintiffs did not object
to the vaccination policy on religious grounds and argue the
Plaintiffs' objections were political or based on secular
beliefs.  The dispute about the sincerity of Plaintiffs'
religious beliefs and the evaluation of the Plaintiffs'
credibility are questions for the jury.

Second, Plaintiffs must prove that the Hawaiian Defendants's employment decisions were actually motivated by Plaintiffs' claimed need for a religious accommodation. The religious basis must be a motivating factor for the Hawaiian Defendants' adverse employment decisions in order for Plaintiffs to be entitled to relief. Abercrombie, 575 U.S. at 772 n.2 (explaining that an employee must show his need for a religious accommodation and that his need for an accommodation was a motivating factor in the employer's adverse employment decision).

Evidence regarding other employees' accommodations requests are not relevant to these analyses. Defendants' actions regarding other employees' accommodations requests are not admissible to show how Plaintiffs were treated.

**Evidence that Plaintiffs actually opposed vaccination for non-religious reasons, such as political, medical, or social reasons, is relevant for evaluation of their credibility, because Title VII of the Civil Rights Act of 1964 does not prohibit an employer from making an adverse employment decision for an employee's failure to comply with its employment policy on a secular basis. Tiano, 139 F.3d at 682.**

**Evidence and argument regarding the treatment by the Hawaiian Defendants of other employees and their requests for accommodations are irrelevant to these issues and impermissible as they would confuse the jury.**

12

**B.    Plaintiffs' Theories Of Discrimination Based On Pattern Or Practice Are Not Relevant For Trial On Liability**

Plaintiffs argue that evidence regarding the Hawaiian Defendants' treatment of other employees is relevant to establish some sort of "pattern or practice" or "pretext" theory of discrimination.  Such theories, however, are only relevant to discrimination causes of action based on intentional discrimination or disparate treatment.

**1.    The Hawaiian Defendants Cannot Be Liable For Discrimination Based On A Theory That They Failed To Engage In The Interactive Process**

There is no separate cause of action for failure to engage in the interactive process.  Plaintiffs seek to introduce some sort of bad faith argument, asserting that the Hawaiian Defendants erred by failing to properly engage in an interactive process with some employees.  The argument misunderstands the law.  It is well-settled that an employer does not act in bad faith when it does not attempt an accommodation if the employer sincerely believes it would cause it undue hardship.  E.E.O.C. v. Townley Eng'g & Mfg. Co., 859 F.2d 610, 615, n.7 (9th Cir. 1988) ("If an employer can show that no accommodation was possible without undue hardship, it makes no sense to require that he engage in a futile act").

**An employer is not required to engage in the interactive**

13

process when no accommodation is possible.  Id.; Bordeaux, 2025
WL 655065 at *1, n.3.  Plaintiffs cannot argue that the Hawaiian
Defendants are liable for failure-to-accommodate based on the
Defendants' purported failure to engage in an interactive
process.

> **2.   Discriminatory Animus Is Not An Element Of A
>         Failure-To-Accommodate Claim**

There are no intentional discrimination or disparate
treatment causes of action that would allow for evidence and
argument of discriminatory animus.  The Court addressed this in
the Court's May 6, 2025 Order, finding there are no causes of
action for intentional discrimination in the Complaint.  (ORDER
GRANTING DEFENDANTS HAWAIIAN AIRLINES, INC. AND HAWAIIAN
HOLDINGS, INC.'S MOTION FOR PARTIAL DISMISSAL FOR LACK OF
SUBJECT-MATTER JURISDICTION AS TO COUNTS I AND IV FOR PLAINTIFF
NINA ARIZUMI at p. 22, ECF No. 254).

Plaintiffs Espinosa and Saiki have only raised failure-to-
accommodate claims pursuant to Title VII of the Civil Rights Act
of 1964.  Intent is not an element of a failure-to-accommodate
claim.  Discriminatory motive and evidence of a pattern or
practice of discrimination are not relevant for failure-to-
accommodate claims.  Lavelle-Hayden v. Legacy Health, 744
F.Supp.3d 1135, 1149 (D. Or. 2024) (citing Dykzeul v. Charter

Commc'ns, Inc., 2019 WL 8198218, at *10 (C.D. Cal. Nov. 18, 2019)); Betkey v. Cnty. of Los Angeles, 2017 WL 11632310, *1 (C.D. Cal. Sept. 5, 2017) (evidence of treatment of other employees based on theories of pattern or practice is irrelevant at trial because failure to accommodate claims do not raise issues of a pattern or practice of discrimination).

**The discrimination in a failure-to-accommodation claim results from denying an available and reasonable accommodation, not from discriminatory animus.  See id.; Snapp, 889 F.3d 1095. Plaintiffs have not pleaded a claim where intent or animus are at issue.  They are not allowed to argue animus to the jury without a claim that would allow them to make such an argument.**

At this late stage in the proceedings, Plaintiffs cannot now attempt to allege discriminatory motive and assert a new theory of liability when their class claims were denied and they cannot plead an intentional discrimination, disparate treatment, or disparate impact claim.  Leake, 2024 WL 1854287, *1; Lavelle-Hayden, 744 F.Supp.3d at 1149; Dunbar, 2022 WL 18357775, at *3.

### C.    Fed. R. Evid. 403 Precludes Evidence That Is Unduly Prejudicial, Confusing, Cumulative, Or Wastes Time

Relevant evidence is admissible unless its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue

delay, wasting time, or needlessly presenting cumulative evidence.  Fed. R. Evid. 403.

The Court previously granted the Hawaiian Defendants' Motion to Bifurcate Trial in order to ensure compliance with Federal Rule of Evidence 403 and to avoid juror confusion, unfair prejudice, and wasting time.  (Order Granting Defendants' Motion to Bifurcate, ECF No. 257).

The Court explained that separate trials are appropriate in cases where multiple plaintiffs are challenging individualized employment decisions by the same employer, even where there is some degree of overlap among causes of action, evidence, and witnesses.  Paglia v. Emeritus Corp., 2009 WL 10695882, *4 (N.D. Cal. Sept. 23, 2009).  Separate trials are appropriate to avoid prejudice and a potential "parade of terminated employees and the possibility of factual and legal confusion on the part of the jury."  Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000).

**Evidence as to assessments of other employees' requests for accommodations would violate Fed. R. Evid. 403.  Evidence as to other employees' claims would require mini-trials as to each employee and would defeat the purpose of bifurcation, unnecessarily confuse the issues, and waste time.**  Romero v. Cnty. of Santa Clara, 666 Fed. Appx. 609, 612 (9th Cir. 2016) (affirming district court's decision to exclude testimony of

other employees about purported retaliation and discrimination);
<u>Betkey</u>, 2017 WL 11632310, at *1 (finding evidence of employer's
alleged pattern or practice of discriminatory treatment was
inadmissible).

     **Plaintiffs may not present evidence or argument related to
other Plaintiffs and other employees who requested accommodations
from the Hawaiian Defendants' vaccination policy.**

     **The fact that the Hawaiian Defendants implemented a
vaccination policy during the global pandemic is relevant.  The
fact that numerous employees made accommodations requests in a
specific timeframe is relevant.  The fact that the Hawaiian
Airlines Defendants created a testing program during the pandemic
is relevant.  The alleged administrative burden the testing
program placed on the Hawaiian Defendants is relevant for their
undue hardship defense.  It does not open the door to allow
Plaintiffs to inquire as to the individual assessments of the
other employees' accommodations requests or discuss the results
of other employees' requests for accommodations.**

     **The Parties may reference the number of overall
accommodations requests made by employees.  The results and
decision-making as to other employees' accommodations requests,
however, are not relevant.  There is no relevance to the
individualized assessments of other employees who are not before**

the jury.  **The Hawaiian Defendants' decisions as to other
employees are not relevant to any of Plaintiffs' causes of
action.**

**Other employees' requests for accommodations are not
relevant to the individualized accommodations determinations made
in this case as to Plaintiffs Espinosa and Saiki.  The trial is
limited to Plaintiff Espinosa and Saiki and their requests for
accommodations and to the Hawaiian Defendants' undue hardship
defense.**

Defendants' Motion in Limine No. 1 To Exclude Any Evidence
Regarding Defendants' Review And Decisions Regarding
Accommodation Requests By Other Employees (ECF No. 245) is
**GRANTED.**

**DEFENDANTS' MOTION IN LIMINE NO. 2:**     **RE: To Admit Into
                                            Evidence Hawaii
                                            Department Of Health
                                            COVID-19 Data (ECF No.
                                            244)**

The Hawaiian Defendants seek to admit the State of Hawaii
Department of Health data concerning the impact of COVID-19 on
the State of Hawaii, specifically data concerning the spread of
COVID-19 and reports of positive COVID-19 cases in the State.

In this case, the relevant timeline is based on the Hawaiian
Defendants' announcement of their vaccination policy in August

18

2021 and review of Plaintiff Espinosa and Plaintiff Saiki's requests for accommodations through December 2021.

### A.   Espinosa Timeline

On September 29, 2021, Plaintiff Espinosa submitted a religious accommodations request.

On October 14, 2021, the Hawaiian Defendants denied Plaintiff Espinosa's religious accommodations request.

Plaintiff Espinosa was placed on leave without pay status from approximately January 5, 2022 through October 31, 2022.

### B.   Saiki Timeline

On October 1, 2021, Plaintiff Saiki submitted a religious accommodations request.

On December 14, 2021, the Hawaiian Defendants denied Plaintiff Saiki's religious accommodations request.

Plaintiff Saiki submitted a retirement notice after his request was denied and he retired effective December 31, 2021.

### C.   Evidence Is Limited To The Timing Of The Review Of The Plaintiffs' Accommodation Requests

The availability of reasonable accommodations and the undue hardship defense must be based on the information available at the time concerning COVID-19.  It is well-settled that an employer cannot be liable for discrimination based on information

that was not known to it at the time of its decision-making.

Cohen v. Fred Meyer, Inc., 686 F.2d 793, 798 (9th Cir. 1982).  An

employer cannot be liable based on information regarding COVID-19

and COVID-19 vaccinations that did not exist at the time it

denied an accommodations request.  Lavelle-Hayden, 744 F.Supp.3d

at 1152.

### 1.    **Rodrique v. Hearst Communications, Inc.**

The First Circuit Court of Appeals recently ruled on the

scope of evidence that may be considered in the context of a

religious accommodations request during the COVID-19 pandemic.

In Rodrique v. Hearst Communications, Inc., 126 F.4th 85, 91-92

(1st Cir. 2025), an employee requested a religious accommodation

from his employer's COVID-19 vaccination policy.  The employer

determined that allowing the plaintiff to be in the office

unvaccinated would create a significant risk of harm to the

health and safety of its workplace.  Id. at 88-89.  The employer

stated that it relied on the prevailing medical consensus at the

time that vaccination reduced possibility of transmission of

COVID-19 and found that vaccination was necessary and denied his

requested accommodation.  Id.

The district court ruled on summary judgment that Rodrique's

objections to the vaccine were not religious and it did not reach

the question of undue hardship.  Id. at 89.

On appeal to the First Circuit Court of Appeals, Rodrique argued that his objections to the vaccine were religious and that the employer's undue hardship claim lacked merit because his employer failed to provide evidence that the COVID-19 vaccine actually reduced transmission of the virus.  Id. at 89-91.

The First Circuit Court of Appeals ruled that the undue hardship evidence had to be confined to the scientific information available at the time of the denial of the religious accommodation request.  The Appellate Court relied on the United States Supreme Court's decision in Bragdon v. Abbott, 524 U.S. 624, 650 (1998).  In Bragdon, the United States Supreme Court, in the context of the Americans with Disabilities Act, ruled that the relevant inquiry for a risk assessment to health must be based on the objective, medical and scientific evidence available at the time of the decision.  Id. at 650.

The First Circuit Court of Appeals relied on Bragdon to find that an employer may properly rely on the prevailing medical consensus at the time to determine that an accommodation is not reasonable and endangers public health.  Rodrique, 126 F.4th at 92.  The Appellate Court held that it is the plaintiff's burden to "refute [the prevailing medical consensus] by citing a credible scientific basis for deviating from the accepted norm." Id.

The Appellate Court found that the record was "replete with

21

undisputed evidence that [the employer] reasonably relied on objective medical evidence, including public health guidance from the federal government and the Commonwealth of Massachusetts, when it set its vaccine policy." Id. The Appeals Court ruled that Rodrique failed to provide any credible scientific evidence to refute the prevailing medical consensus.

The First Circuit Court of Appeals explained that pursuant to Bragdon, it is critical in evaluating a reasonable accommodation request related to public health to confine the evaluation "to the medical and scientific evidence available at the time [of the accommodation] decision." Id.

### 2.   **Kluge v. Brownburg Community School**

The Seventh Circuit Court of Appeals has also ruled that in evaluating a reasonable accommodation claim, the relevant inquiry is limited to the information available to the employer at the time of the request.  In Kluge v. Brownburg Community School Corp., 64 F.4th 861, 888 (7th Cir. 2023), vacated on other grounds, pursuant to Groff v. DeJoy, 600 U.S. 447, 458 (2023), the Seventh Circuit Court of Appeals reasoned that it "is axiomatic that an employer can make decisions based only on the information known to it at the time of the decision." Id.

The Appellate Court explained that the "evidence, of course, may be obtained after the discharge, but it must be evidence that

22

the employer knew at the time of the decision." Id. "To suggest that the employer may be held liable for a decision to withdraw an accommodation based on information that did not exist at the time of the decision holds employers to an impossible 'crystal ball' standard." Id.

### 3. District Courts In The Ninth Circuit Follow Rodrique and Kluge

Courts in the Ninth Circuit agree and have similarly ruled that it is necessary to confine the evidence regarding the availability of reasonable accommodations and the undue hardship defense to the information that was available to the employer when it made its adverse employment decision. Efimoff v. Port of Seattle, 2024 WL 4765161, *9 (W.D. Wash. Nov. 13, 2024) (collecting cases); see Lavelle-Hayden, 744 F.Supp.3d at 1152.

The Court finds that the State of Hawaii Department of Health data is admissible during the relevant accommodations request period for Plaintiff Espinosa and Plaintiff Saiki between August 2021 and January 5, 2022.

Contrary to Plaintiffs' position, evidence regarding COVID-19 and its potential health and safety risks for the Hawaiian Defendants employees and the public are relevant for numerous issues at trial. The evidence is directly relevant to questions concerning the availability of reasonable accommodations and

23

**alleged undue burden on the employer**.

The Ninth Circuit Court of Appeals has ruled that safety and health risks are relevant to whether a plaintiff's requested religious accommodation poses an undue hardship on an employer. Bhatia v. Chevron U.S.A., Inc., 734 F.2d 1382, 1383-84 (9th Cir. 1984) (per curiam).

More recently, in Bordeaux v. Lions Gate Entertainment, Inc., 2025 WL 655065, *2 (9th Cir. Feb. 28, 2025), the Ninth Circuit Court of Appeals held that evidence of a surge in COVID-19 cases demonstrated that the plaintiff's religious accommodations request placed an undue hardship on the employer.

Numerous other courts have found that concerns for public health are factors in determining the availability of reasonable accommodations and potential undue hardship to an employer. Efimoff v. Port of Seattle, 2024 WL 4765161, *9 (W.D. Wash. Nov. 13, 2024) (finding masking, periodic testing, and social distancing request for accommodation by unvaccinated employee was an undue hardship in context of COVID-19 given the administrative burden and shortage of test kits); Rodrique, 126 F.4th at 91; UnifySCC v. Cody, 2025 WL 215524, *8-*9 (N.D. Cal. Jan. 15, 2025); Mumin v. City of New York, 760 F.Supp.3d 28, 49 (S.D. N.Y. Dec. 17, 2024).

In addition, concerns about violating local, state, or federal laws or mandates regarding COVID-19 are also relevant for

the availability of reasonable accommodations and undue hardship.
Bhatia, 734 F.2d at 1384; Sutton v. Providence St. Joseph Med.
Ctr., 192 F.3d 826, 830 (9th Cir. 1999); see Lowe v. Mills, 68
F.4th 706, 720 (1st Cir. 2023); Brown v. South Shore Univ.
Hospital, 762 F.Supp.3d 191, 210 (E.D. N.Y. Jan. 10, 2025).

Defendants' Motion in Limine No. 2 To Admit Into Evidence
Hawaii Department Of Health COVID-19 Data (ECF No. 244) is
**GRANTED, IN PART.**

**Evidence in this case regarding COVID-19 is limited to the
relevant timeline of the announcement of the vaccination policy
in August 2021 through the denial of Plaintiffs' reasonable
accommodations requests in December 2021 and Plaintiff Espinosa's
placement on leave without pay status on January 5, 2022.**

**Defendants' Exhibits 2278, 2018, 2021, and 2022 consisting
of public records from the Hawaii Department of Health must be
modified to the relevant timeline in this case.**

**The Parties' experts are also limited to the information
that was available regarding COVID-19 between August 2021 through
January 5, 2022.  The experts may not rely on information,
studies, articles, or evidence that was published after January
5, 2022.**

## CONCLUSION

**Defendants' Motion in Limine No. 1** To Exclude Any Evidence Regarding Defendants' Review And Decisions Regarding Accommodation Requests By Other Employees (ECF No. 245) is **GRANTED**.

Plaintiffs may not present evidence or argument related to other Plaintiffs and other employees who requested accommodations from the Hawaiian Defendants' vaccination policy.

The fact that the Hawaiian Defendants implemented a vaccination policy during the global pandemic is relevant. The fact that numerous employees made accommodations requests in a specific timeframe is relevant. The fact that the Hawaiian Defendants created a testing program during the pandemic is relevant. The alleged administrative burden the testing program placed on the Hawaiian Defendants is relevant for their undue hardship defense. It does not open the door to allow Plaintiffs to inquire as to the individual assessments of the other employees' accommodations requests or discuss the results of other employees' requests for accommodations.

The Parties may reference the number of overall accommodations requests made by employees. The results and decision-making as to other employees' accommodations requests, however, are not relevant. There is no relevance to the

26

individualized assessments of other employees who are not before the jury.  The Hawaiian Defendants' decisions as to other employees are not relevant to any of Plaintiffs' causes of action.

Other employees' requests for accommodations are not relevant to the individualized accommodations determinations made in this case as to Plaintiffs Espinosa and Saiki.  The trial is limited to Plaintiff Espinosa and Saiki and their requests for accommodations and to the Hawaiian Defendants' undue hardship defense.

**Defendants' Motion in Limine No. 2** To Admit Into Evidence Hawaii Department Of Health COVID-19 Data (ECF No. 244) is **GRANTED, IN PART.**

Evidence in this case regarding COVID-19 is limited to the relevant timeline of the announcement of the vaccination policy in August 2021 through the denial of Plaintiffs' reasonable accommodations requests in December 2021 and Plaintiff Espinosa's placement on leave without pay status on January 5, 2022.

Defendants' Exhibits 2278, 2018, 2021, and 2022 consisting of public records from the State of Hawaii Department of Health must be modified to the relevant timeline in this case.

The Parties' experts are also limited to the information that was available regarding COVID-19 between August 2021 through

January 5, 2022.  The experts may not rely on information,

studies, articles, or evidence that was published after January

5, 2022.

     IT IS SO ORDERED.

     DATED: May 30, 2025, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

Riki O'Hailpin; Nina Arizumi; Robert Espinosa; Erwin Young;
Puanani Badiang; Sabrina Franks; Ronald Lum; Dan Saiki; Brandee
Aukai vs. Hawaiian Airlines, Inc.; Hawaiian Holdings, Inc., 22-
cv-00532 HG-WRP; **ORDER GRANTING DEFENDANTS HAWAIIAN AIRLINES,
INC. AND HAWAIIAN HOLDINGS, INC.'S MOTIONS IN LIMINE #1 AND #2
(ECF Nos. 244 and 245)**