IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RIKI O'HAILPIN; NINA ARIZUMI; ROBERT ESPINOSA; ERWIN YOUNG; PUANANI BADIANG; SABRINA FRANKS; RONALD LUM; DAN SAIKI; BRANDEE AUKAI, | ) ) ) ) ) ) | CIV. NO. 22-00532 HG-WRP |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| HAWAIIAN AIRLINES, INC.; HAWAIIAN HOLDINGS, INC. | ) ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER DENYING PLAINTIFF NINA ARIZUMI'S MOTION FOR ENTRY OF
JUDGMENT UNDER RULE 54(b) (ECF No. 328)**

In August 2021, Defendant Hawaiian Airlines, Inc. and its

parent company, Defendant Hawaiian Holdings, Inc. ("Hawaiian

Defendants") implemented a mandatory vaccination policy for their

employees in the midst of the worldwide COVID-19 pandemic.

Various employees requested exemptions from the policy on

several bases, including medical and religious reasons.

Plaintiff Nina Arizumi, along with eight other individual

Plaintiffs, filed suit against the Hawaiian Defendants on

December 22, 2022, because the Hawaiian Defendants did not grant

their exemption requests but instead offered the employees leave

without pay in lieu of vaccination.

The Complaint asserts the following five causes of action

1

against the Hawaiian Defendants:

**COUNT I:** Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., for **Religious Discrimination** Based On **Failure-To-Accommodate**

**COUNT II:** Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., for **Religious Discrimination** Based On **Disparate Impact**

**COUNT III:** Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., for **Religious Discrimination** Based On **Retaliation**

**COUNT IV:** Violation of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., **Disability Discrimination** Based On **Failure-To-Accommodate**

**COUNT V:** Violation of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., **Disability Discrimination** Based On **Retaliation**

On March 19, 2025, Defendants filed a Motion for Partial Dismissal for Lack of Jurisdiction Pursuant to the Railway Labor Act as to Plaintiff Nina Arizumi. (ECF No. 197). Defendants moved to dismiss only Counts I and IV as to Plaintiff Arizumi for lack of subject-matter jurisdiction. (Id.)

On April 2, 2025, Plaintiff Arizumi filed her Opposition. (ECF No. 206).

On May 6, 2025, the Court issued an ORDER GRANTING DEFENDANTS HAWAIIAN AIRLINES, INC. AND HAWAIIAN HOLDINGS, INC.'S MOTION FOR PARTIAL DISMISSAL FOR LACK OF SUBJECT-MATTER JURISDICTION AS TO COUNTS I AND IV FOR PLAINTIFF NINA ARIZUMI. (ECF No. 254).

Counts II, III, and V as to Plaintiff Nina Arizumi remain

2

for trial.

The eight other Plaintiffs' cases remain for trial.

The first trial in this case with Plaintiffs Robert Espinosa and Dan Saiki, two pilots alleging failure-to-accommodate religion causes of action, is set for November 18, 2025.

On June 11, 2025, Plaintiff Nina Arizumi filed a Motion for Entry of Judgment Under Rule 54(b).  (ECF No. 328).

Plaintiff Arizumi's Motion requests that the Court certify an entry of judgment as to her because the Court dismissed Counts I and IV against her for lack of subject-matter jurisdiction pursuant to the Railway Labor Act.  Plaintiff Arizumi's Motion requests the Court allow her to engage in piecemeal appeals. Plaintiff Arizumi ignores that she has three causes of action remaining for trial that have not been dismissed.  Plaintiff Arizumi's Motion also ignores the remaining eight individual Plaintiffs and their causes of action that remain for trial.

The Court elects to decide the Motion without a hearing pursuant to District of Hawaii Local Rule 7.1(c),(d).

Plaintiff's Motion for Entry of Judgment Pursuant to Fed. R. Civ. P. 54(b) (ECF No. 328) is **DENIED.**

## STANDARD OF REVIEW

The Court may enter final judgment as to one or more, but fewer than all, claims or parties if it expressly determines that

no just reason for delay exists.  Fed. R. Civ. P. 54(b).

The decision whether to enter judgment pursuant to Fed. R.

Civ. P. 54(b) is left to the sound judicial discretion of the

District Court.  Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S.

1, 7 (1980).

Entry of judgment pursuant to Fed. R. Civ. P. 54(b) is "not

routine" and should only be done in the exceptional case.

See Wood v. GCC Bend, LLC, 422 F.3d 873, 879-80 (9th Cir. 2005).

Entry of Judgment pursuant to Rule 54(b) cannot be entered

simply by stipulation of the parties.  In re Lindsay, 59 F.3d

942, 951-52 (9th Cir. 1995).

The district court must make an express determination that

certification of a judgment under Rule 54(b) is warranted and

provide sufficient justification why entry of judgment prior to

termination of the entire case is necessary.  Alcan Aluminum

Corp. v. Carlsberg Fin. Corp., 689 F.2d 815, 817 (9th Cir. 1982).

## **ANALYSIS**

Pursuant to Fed. R. Civ. P. 54(b), the district court has

discretion to direct the entry of judgment when it dismisses

claims against one party but other parties or claims remain.

Noel v. Hall, 568 F.3d 743, 747 (9th Cir. 2009).

In order to do so, the Court must certify to the appellate

court that Judgment as to an individual or as to certain claims

4

should be entered because there is no just reason for delay.

Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980).

The Ninth Circuit Court of Appeals has explained that the

district courts should evaluate "juridical concerns" before

certifying a judgment on a partial basis pursuant to Fed. R. Civ.

P. 54(b).  Wood v. GCC Bend, LLC, 422 F.3d 873, 879-80 (9th Cir.

2005).  The Appellate Court explained that the district courts

should avoid certifying piecemeal appeals and claims that are

related to remaining parties or causes of action.  Id.

### A.    Piecemeal Appellate Litigation

Rule 54(b) certification should be used sparingly.  Gausvik

v. Perez, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004).  Similarity of

legal or factual issues weighs heavily against entry of judgment

pursuant to Fed. R. Civ. P. 54(b).  Morrison-Knudsen Co., Inc. v.

Archer, 655 F.2d 962, 965 (9th Cir. 1981).

The Ninth Circuit Court of Appeals has ruled that in the

context of employment discrimination cases, the district court

should refuse entry of judgment pursuant to Fed. R. Civ. P. 54(b)

where there is overlap in facts between dismissed causes of

action and remaining claims.  Wood, 422 F.3d at 881 (explaining

that certification under Rule 54(b) was not warranted because

constructive discharge claims were factually related to remaining

age discrimination and retaliation causes of action).

Here, the Court dismissed two of Plaintiff Arizumi's employment discrimination causes of action.  Plaintiff Arizumi has three causes of action remaining:

**COUNT II:** Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., for **Religious Discrimination** Based On **Disparate Impact**

**COUNT III:** Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., for **Religious Discrimination** Based On **Retaliation**

**COUNT V:** Violation of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., **Disability Discrimination** Based On **Retaliation**.

Plaintiff Arizmui's remaining causes of action stem from the same nucleus of facts related to the dismissed causes of action in Counts I and IV for failure-to-accommodate.  Numerous courts have ruled that 54(b) certification is not appropriate when there are remaining employment discrimination claims deriving from the same or similar nucleus of facts.  Imamoto v. Soc. Sec. Admin., 2008 WL 5025005, *2 (D. Haw. Nov. 25, 2008); see Powell v. 7 Eleven, Inc., 2010 WL 3584077, *3 (D. Nev. Sept. 3, 2010).

Additionally, in this case, there are eight remaining individual Plaintiffs besides Plaintiff Arizumi.  Judicial administrative interests and the avoidance of piecemeal appeals weigh heavily in favor of declining to certify a judgment pursuant to Fed. R. Civ. P. 54(b).  Curtiss-Weight Corp., 446 U.S. at 8.  The Ninth Circuit Court of Appeals has emphasized that it "cannot afford the luxury of reviewing the same set of

6

facts in a routine case more than once without a seriously

important reason."  Wood, 422 F.3d at 882.  Where not all of the

parties are included in the appeal and the appeal does not

resolve all of the claims by the party seeking to appeal,

certification pursuant to Fed. R. Civ. P. 54(b) is generally not

warranted.  Jewel v. Nat'l. Sec. Agency, 810 F.3d 622, 630 (9th

Cir. 2015).

**B.    No Just Reason For Delay**

Courts must also evaluate equitable considerations such as

prejudice to the parties and delay.  Gregorian v. Izvestia, 871

F.2d 1515, 1519 (9th Cir. 1989).

Plaintiff Arizumi argues that the Court should certify a

partial judgment pursuant to the Court's Order Granting the

Defendants' Partial Motion to Dismiss.  Plaintiff seeks the

partial judgment in order for her to appeal the issues raised

pursuant to the Railway Labor Act.  Plaintiff argues that

resolution on appeal "could impact other similarly situated

Plaintiffs who are flight attendants who also have pending claims

against Defendants in other cases."  (Motion at p. 4, ECF No.

328-1).

On May 2, 2025, in Brody v. Hawaiian Airlines, Inc., Civ.

No. 22-cv-00482 HG-WRP, this Court granted an order dismissing a

case of employment discrimination brought by a different Hawaiian

Airlines flight attendant.  See Dkt. Entry. 108.  The Court ruled
that it lacked subject-matter jurisdiction over Plaintiff Brody's
complaint pursuant to the Railway Labor Act because the alleged
claims required interpretation of an existing collective
bargaining agreement.  Id.  Judgment was entered because the
Order resolved all of Plaintiff Brody's claims and there were no
other remaining parties.  See Dkt. Entry 109.

On May 29, 2025, Plaintiff Brody filed a Notice of Appeal
and the case is pending before the Ninth Circuit Court of
Appeals.  See Dkt. Entry 112, 9th Cir. Appeal No. 25-3462.

Here, Plaintiff Arizumi seeks partial judgment in order to
appeal the identical issue ruled upon by this Court in Brody.
The issue, however, is already before the Ninth Circuit Court of
Appeals.  Certification here pursuant to Fed. R. Civ. P. 54(b)
will not expedite review of the issue regarding application of
the Railway Labor Act before the Ninth Circuit Court of Appeals.

Plaintiff has not established that the Appellate Court's
consideration of the single issue she seeks to appeal would
likely advance the result of either her case as a whole or the
case of the remaining eight individual Plaintiffs.  Jewel, 810
F.3d at 630-31.  Plaintiff's request for certification of entry
of judgment pursuant to Fed. R. Civ. P. 54(b) is not warranted.
Wood, 422 F.3d at 879-81.

## CONCLUSION

Plaintiff Nina Arizumi's Motion for Entry of Judgment Pursuant to Fed. R. Civ. P. 54(b) (ECF No. 328) is **DENIED.**

IT IS SO ORDERED.

DATED: June 20, 2025, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

Riki O'Hailpin; Nina Arizumi; Robert Espinosa; Erwin Young; Puanani Badiang; Sabrina Franks; Ronald Lum; Dan Saiki; Brandee Aukai vs. Hawaiian Airlines, Inc.; Hawaiian Holdings, Inc., 22-cv-00532 HG-WRP; **ORDER DENYING PLAINTIFF NINA ARIZUMI'S MOTION FOR ENTRY OF JUDGMENT UNDER RULE 54(b) (ECF No. 328)**