IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RIKI O'HAILPIN; NINA ARIZUMI; ROBERT ESPINOSA; ERWIN YOUNG; PUANANI BADIANG; SABRINA FRANKS; RONALD LUM; DAN SAIKI; BRANDEE AUKAI,<br><br>　　　　　　Plaintiffs,<br><br>　　　vs.<br><br>HAWAIIAN AIRLINES, INC.; HAWAIIAN HOLDINGS, INC.<br><br>　　　　　　Defendants. | CIV. NO. 22-00532 HG-WRP |

**ORDER DENYING PLAINTIFFS' MOTIONS FOR LEAVE TO FILE SUPPLEMENTAL RESPONSES TO DEFENDANTS' MOTIONS FOR DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION (ECF Nos. 390 and 391)**

**and**

**DENYING DEFENDANTS' MOTIONS TO STRIKE (ECF Nos. 395 and 399)**

　　　In August 2021, Defendants Hawaiian Airlines, Inc. and Hawaiian Holdings, Inc. ("Hawaiian Defendants") announced their intention to implement a mandatory vaccination policy requiring its U.S.-based employees to be vaccinated for COVID-19.

　　　At the time the policy was announced, Plaintiffs Robert Espinosa and Dan Saiki were employed as pilots by the Hawaiian Defendants.  Plaintiffs Riki O'Hailpin and Brandee Aukai were employed as flight attendants.

　　　Plaintiffs Espinosa, Saiki, O'Hailpin, and Aukai each

1

requested to be exempt from the Hawaiian Defendants' COVID-19 vaccination policy based on their religious beliefs. The Hawaiian Defendants denied their four requests for exemption from the vaccination policy.

Plaintiffs Espinosa, Saiki, O'Hailpin, and Aukai, along with five other individuals, have filed suit against the Hawaiian Defendants.

Plaintiffs Espinosa, Saiki, O'Hailpin, and Aukai claim the Hawaiian Defendants failed to reasonably accommodate their religious beliefs in violation of Title VII of the Civil Rights Act of 1964. The Hawaiian Defendants assert that it would have caused undue hardship to accommodate the pilots' and flight attendants' requests for exemption.

The Hawaiian Defendants filed a Motion to Dismiss based on lack of subject-matter jurisdiction as to Plaintiffs Espinosa and Saiki's religious accommodation claims.

The Hawaiian Defendants filed a separate Motion to Dismiss based on lack of subject-matter jurisdiction as to Plaintiffs O'Hailpin and Aukai's accommodation claims.

In the two Motions, the Hawaiian Defendants argue that the Court may not review Plaintiffs Espinosa, Saiki, O'Hailpin, and Aukai's claims due to the jurisdictional limitations set forth in the Railway Labor Act, 45 U.S.C. §§ 181-188 ("RLA"). The RLA requires claims that involve interpretation of collective

bargaining agreements for transportation workers to be resolved only through the RLA's internal dispute-resolution processes. See 45 U.S.C. § 184.  The Hawaiian Defendants assert that Plaintiffs Espinosa and Saiki's claims require interpretation of the Collective Bargaining Agreement that applied to the two Plaintiffs as pilots at the time they sought exemption from the vaccination policy.  The Hawaiian Defendants also assert that Plaintiffs O'Hailpin and Aukai's claims require interpretation of the Collective Bargaining Agreement that applied to the two Plaintiffs as flight attendants at the time they sought exemption from the vaccination policy.

On September 25, 2025, the Court set briefing schedules on the two Motions to Dismiss pursuant to the Railway Labor Act. Plaintiffs filed Oppositions to the Motions and Defendants filed Replies.

The briefing concluded on October 20, 2025.

Plaintiffs now seek leave to file Supplemental Briefing in response to the Motions to Dismiss.  Plaintiffs claim that depositions taken in a related case, Nelson, et al. v. Hawaiian Airlines, Inc., et al., 23-cv-00603 HG-WRP, have caused Plaintiffs to believe there may be a basis to file supplemental responses to Defendants' Motions to Dismiss pursuant to the Railway Labor Act.

The Court permitted the Plaintiffs to file Motions for Leave

to File Supplemental Responses and permitted Defendants to file Oppositions.

Without leave of Court, Plaintiffs filed Replies to their Motions for Leave to File Supplemental Responses.

Defendants filed Motions to Strike the Replies.

Supplemental Responses to the Motions to Dismiss are not warranted. Plaintiffs have not established good cause to modify the Court's briefing schedule on the Motions to Dismiss. Plaintiffs have failed to present any information that was new and previously unavailable at the time Plaintiffs filed their Oppositions to the Motions to Dismiss. Plaintiffs also have not provided any information that is material to the jurisdictional questions raised in the Motions to Dismiss pursuant to the Railway Labor Act.

Plaintiffs' Motions for Leave to File Supplemental Responses (ECF Nos. 390 and 391) are **DENIED.**

### BACKGROUND/PROCEDURAL HISTORY

On September 25, 2025, the Court issued a briefing schedule on the Defendants' Motions to Dismiss for Lack of Subject-Matter Jurisdiction Pursuant to The Railway Labor Act. (ECF No. 380).

The Briefing Schedule was completed on October 20, 2025. (Id.)

On October 28, 2025, the Court received a letter from

Plaintiffs' counsel requesting leave to file a Supplemental Brief. (ECF No. 388).

The Court allowed Plaintiffs to file a Motion for Leave to File a Supplemental Brief and allowed Defendants to file a Response to the Motion. (ECF No. 389).

On November 5, 2025, Plaintiffs filed their Motion for Leave to file a Supplemental Briefing Re: the Pilots' RLA Motion. (ECF No. 390).

On November 6, 2025, Plaintiffs filed their Motion for Leave to file a Supplemental Briefing Re: the Flight Attendants' RLA Motion. (ECF No. 391).

On November 12, 2025, Defendants filed their Response to the Motion for Leave to File a Supplemental Brief Re: the Pilots' RLA Motion. (ECF No. 392).

On November 13, 2025, Defendants filed their Response to the Motion for Leave to File a Supplemental Brief Re: the Flight Attendants' RLA Motion. (ECF No. 393).

Without leave of Court, on November 20, 2025, Plaintiffs filed a Reply to their Motion for Leave to File a Supplemental Brief Re: the Pilots' RLA Motion. (ECF No. 394).

Following Plaintiffs' filing on November 20, 2025, Defendants filed a Motion to Strike Plaintiffs' Reply Seeking to File Supplement Re: Pilots' RLA Motion. (ECF No. 395).

Later on November 21, 2025, Plaintiffs filed an Opposition

to Plaintiffs' Motion to Strike their Reply Seeking to Supplement Briefing Re: Pilots' RLA Motion.  (ECF No. 398).

Also on November 21, 2025, again without leave of court, Plaintiffs filed a Reply to their Motion for Leave to File a Supplemental Brief Re: Flight Attendants' RLA Motion.  (ECF No. 396).

In response on November 21, 2025, Defendants filed a Motion to Strike Plaintiffs' Reply Seeking to Supplement Briefing Re: Flight Attendants' RLA Motion.  (ECF No. 399).

On November 24, 2025, Plaintiffs filed an Opposition to Plaintiffs' Motion to Strike their Reply seeking to Supplement Briefing on Flight Attendants Motion.  (ECF No. 400).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## STANDARD OF REVIEW

Pursuant to District of Hawaii Local Rule 7.2, no supplemental briefing is permitted "without leave of court."

Good cause is required in order to amend a Court's briefing schedule.  Fed. R. Civ. P. 6(b); see Fed. R. Civ. P. 16(b)(4); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992); GP Asset Holdings, LLC v. Rosslaw, PLLC, 2024 WL 5479142, *1 (S.D. Cal. Dec. 10, 2024) (applying good cause standard to a request to modify a briefing schedule).

6

Good cause primarily considers the diligence of the party seeking amendment. Zivkovic v. So. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). If the party seeking amendment was not diligent, the inquiry ends and amendment is not permitted. Id.

## ANALYSIS

### I. Plaintiffs' Motions for Leave To File Supplemental Responses To Defendants' Motions To Dismiss Pursuant To The Railway Labor Act

#### A. Defendants' Pending Motions to Dismiss

The Hawaiian Defendants have filed two separate Motions to Dismiss. One Motion was filed against Plaintiffs Espinosa and Saiki who were employed as pilots. The second Motion was filed against Plaintiffs O'Hailpin and Aukai who were employed as flight attendants.

In the two Motions, Defendants argue that the Court may not review Plaintiffs Espinosa, Saiki, O'Hailpin, and Aukai's failure-to-accommodate claims related to the Hawaiian Defendants' vaccination policy for COVID-19.

The Defendants' Motions argue that the Court lacks subject-matter jurisdiction to review such claims pursuant to the Railway Labor Act, 45 U.S.C. §§ 181-188 ("RLA"). The RLA requires claims that involve interpretation of collective bargaining agreements for transportation workers to be resolved only through the RLA's internal dispute-resolution processes. See 45 U.S.C. § 184.

7

In the Motions to Dismiss, the Hawaiian Defendants assert that Plaintiffs Espinosa, Saiki, O'Hailpin, and Aukai's claims require interpretation of their respective Collective Bargaining Agreements.

On September 25, 2025, the Court ordered briefing on the Defendants' two Motions to Dismiss. (ECF No. 380). The briefing schedule concluded on October 20, 2025. (ECF No. 387).

### B.  Plaintiffs' Requests To File Supplemental Briefing As To Defendants' Two Pending Motions to Dismiss

On October 27, 2025, a week after the closure of the briefing schedule on Defendants' two Motions to Dismiss, the Court received a letter from Plaintiffs' counsel seeking leave to file Motions to File Supplemental Responses to the pending Motions. (ECF No. 388).

On October 28, 2025, the Court allowed Plaintiffs to file Motions for Leave to Supplement the two pending Motions to Dismiss. (ECF No. 389).

In their Motions, Defendants argue they should be able to file supplemental responses based on depositions that were conducted in a related case, <u>Nelson, et al. v. Hawaiian Airlines, Inc., et al.</u>, 23-cv-00603 HG-WRP.

**C.  Good Cause Is Required To Modify A Court's Briefing Schedule**

A request to modify a Court's scheduling order must comply with the good cause standard.  See Fed. R. Civ. P. 6(b)(1) and Fed. R. Civ. P. 16(b)(4); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  In their Motions for Leave to File Supplemental Responses, Plaintiffs argue that supplemental briefing should be freely granted pursuant to Federal Rule of Civil Procedure 15 regarding the amendment of pleadings.  This is the incorrect standard.

Good cause is required to modify, continue, or supplement a briefing schedule issued by the Court.  See In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 737 (9th Cir. 2013) (scheduling orders may be modified upon a showing of "good cause," which principally turns on the diligence of the movant seeking the extension); Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259-61 (9th Cir. 2010); Ironwood Homes, Inc. v. Bowen, 719 F.Supp.2d 1277, 1286 (D. Or. 2010) (finding no good cause to continue the briefing schedule).

Good cause focuses on the diligence of the party seeking to extend or modify the order.  Kirola v. City & Cnty. of San Francisco, 2014 WL 2737686, *2 (N.D. Cal. June 11, 2014) (citing Johnson, 975 F.2d at 609 and Fed. R. Civ. P. 16(b)(4) and denying parties' request to modify briefing schedule for lack of good

9

cause shown).

### D. Supplemental Briefing Is Not Warranted

#### 1. The Supplemental Evidence And Arguments Are Not New Or Previously Unavailable

Good cause may be established to allow for supplemental briefing if new, previously unavailable information became available after the briefing deadline despite the diligence of the party seeking to modify the order. See Eckert Cold Storage, Inc. v. Behl, 943 F.Supp. 1230, 1233 (E.D. Cal. 1996).

The events in this case took place more than four years ago beginning in August 2021. The Complaint in this case was filed nearly three years ago on December 22, 2022. (ECF No. 1). Discovery in this case was closed nearly nine months ago on March 14, 2025. (Minute Order, ECF No. 182). Briefing on the Motions to Dismiss concluded on October 20, 2025. (ECF Nos. 380 and 387).

Plaintiffs filed Motions for Leave to File Supplemental Responses, seeking to include evidence of two depositions that they recently completed in a different case. In addition, Plaintiffs wish to include evidence and argument about foreign travel restriction information that was publicly available in 2021 and 2022.

10

### a. Deposition Testimony Of Previously Disclosed Witnesses Is Not New

Plaintiffs seek to file Supplemental Briefing based on depositions taken in a different case. Plaintiffs' Motions for Leave rely on two depositions.

First, Plaintiffs rely on the deposition of Justin Doane, who was the Hawaiian Defendants' Vice President of Labor Relations, and was deposed on October 21, 2025, in the Nelson case.

Second, Plaintiffs rely on the deposition of Robin Sparling, who was the Hawaiian Defendants' Managing Director of In-Flight Services, and was deposed on October 23, 2025, in the Nelson case.

The depositions were taken after the Oppositions to the Motions to Dismiss were filed, but the information was not new or previously unavailable. As the Hawaiian Defendants point out, both Justin Doane and Robin Sparling were identified in the Hawaiian Defendants's Rule 26 initial disclosures in this case over two-and-a-half years ago. (See Ex. A attached to Def.'s Opp., ECF No. 392-2). Plaintiffs could have sought to depose the two employees during the discovery period in this case, but they chose not to do so. Plaintiffs obtained the information from Doane and Sparling because they were deposed in the Nelson case, which was filed a full year after this case was filed.

11

Supplemental briefing based on the depositions is not appropriate.  Plaintiffs have not established their own diligence or that the deposition evidence was previously unavailable.  Evidence that a party had access to or evidence that the party could have obtained on its own throughout the litigation is not "previously unavailable."  ACLU of So. Cal. v. U.S. ICE, 347 F.R.D. 518, 527 (C.D. Cal. Sept. 30, 2024).

### b. Publicly Available Documents Are Not New

Plaintiffs also seek leave to file supplemental briefing based on public notices concerning travel restrictions imposed by foreign governments in 2021 and 2022, including the High Commission of French Polynesia, the Office of the Governor of American Samoa, the U.S. Embassy in Tokyo, and the New South Wales Public Health Order regarding COVID-19 Air Transportation Quarantine.

All of these documents are not new or previously unavailable.  Documents and information that were publicly available and accessible on the internet do not constitute "previously unavailable" evidence as required to establish good cause.  Albanes v. ITT Aerospace Controls, LLC, 2019 WL 13256798, *3 (C.D. Cal. Aug. 6, 2019).

The majority of the foreign restrictions evidence was already submitted as part of Defendants' Motions to Dismiss.

12

Plaintiffs had every opportunity to examine the documents and present their arguments in their Oppositions. Plaintiffs have not established diligence in pursuing the information that they now seek to supplement. Arguments that could have been raised earlier in the litigation are not a basis to allow a party to file a supplemental brief. Maluf v. Bergelectric Corp., 2025 WL 2312043, *1 n.1 (D. Nev. July 29, 2025) (denying motion to file supplemental briefing because a litigant may not attempt to file a supplemental brief in order to raise arguments that he could have, but failed to raise, in his opposition); see Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

        **c.**    **Issues Raised In The Defendants' Motions To Dismiss Pursuant To The Railway Labor Act Are Not New**

The issues raised in the Defendants' two Motions to Dismiss based on the Collective Bargaining Agreements at issue are also of no surprise to the Plaintiffs. The Court has already adjudicated a similar Motion filed pursuant to the Railway Labor Act in this case as to Plaintiff Nina Arizumi. (Court's May 6, 2025 ORDER GRANTING DEFENDANTS HAWAIIAN AIRLINES, INC. AND HAWAIIAN HOLDINGS, INC.'S MOTION FOR PARTIAL DISMISSAL FOR LACK OF SUBJECT-MATTER JURISDICTION AS TO COUNTS I AND IV FOR PLAINTIFF NINA ARIZUMI, ECF No. 254).

In addition, Plaintiffs' counsel has been aware of the

13

potential applicability of the RLA in this case since well before the filing of Defendants' first Motion to Dismiss as to Plaintiff Arizumi.  Plaintiffs' counsel, John C. Sullivan, was counsel for plaintiffs in Odell v. Kalitta Air, LLC, 107 F.4th 523, 532 (6th Cir. 2024), which the Court cited in the Arizumi Order.  The Odell case was argued on March 21, 2024, and decided by the Sixth Circuit Court of Appeals on July 9, 2024.  Plaintiffs had plenty of notice as to the issues at play regarding the Railway Labor Act and supplemental briefing as to these Motions is not warranted.

Plaintiffs have not established their own diligence to allow for supplemental briefing.  There is also no new or previously unavailable evidence that supports a finding of good cause to permit Plaintiffs to file supplemental briefing.

### 2. Plaintiffs' Supplemental Evidence And Arguments Are Not Material

Plaintiffs also have not demonstrated that the evidence and arguments they seek to assert in supplemental briefing would assist the Court's jurisdictional analysis pursuant to the Railway Labor Act.

#### a. The Standard For Adjudicating Motions To Dismiss Pursuant To The Railway Labor Act

Pursuant to the Railway Labor Act, a court is without

14

subject-matter jurisdiction to review a plaintiff's claim that concerns interpretation of the "duties and rights created or defined by the collective bargaining agreement." Alaska Airlines, Inc. v. Schurke, 898 F.3d 904, 919 (9th Cir. 2018) (en banc).

In evaluating preclusion pursuant to the Railway Labor Act, the analysis is whether a provision of the applicable Collective Bargaining Agreement could "arguably" dispose of a claim or defense. Schurke, 898 F.3d at 924. The analysis hinges on whether the trier of fact would arguably need to resolve disagreements about the terms of the collective bargaining agreement to evaluate a plaintiff's failure-to-accommodate claim or a defendant's undue hardship defense. Id.

Here, the questions before the Court are whether the pilots' Collective Bargaining Agreement and the flight attendants' Collective Bargaining Agreement require interpretation in order to adjudicate Plaintiffs' claims and would therefore divest the Court of subject-matter jurisdiction.

        **b.    Plaintiffs' Supplemental Evidence And Arguments Do Not Assist The Court In Its Evaluation Of The Motions To Dismiss Pursuant To The Railway Labor Act**

The questions before the Court are legal questions about whether Plaintiffs' reasonable accommodations claims and the Defendants' undue hardship defenses require interpretation of the

15

applicable Collective Bargaining Agreements.

Plaintiffs' Motions for Leave to File Supplemental Responses, however, do not properly consider the Railway Labor Act standard.  Plaintiffs argue that the Hawaiian Defendants did not need to consider any of the foreign government restrictions that were in play during the time period of the implementation of the Defendants' COVID-19 policy.  Plaintiffs argue that the Hawaiian Defendants in their Motions to Dismiss misrepresented the severity of the restrictions that they relied upon.  In fact, Plaintiffs claim there were no restrictions at all.  The Court disagrees.  The restrictions speak for themselves and no supplemental briefing is required as to the information provided in the publicly available documents setting forth travel restrictions during the COVID-19 pandemic.

Plaintiffs further argue that certain foreign flight routes were "turns" and that flight crew may not have been required to formally enter some of the jurisdictions when assigned to such routes.  This argument, however, ignores the possibility of other interruptions, inclement weather, operational delays, or equipment failures that may have impacted flight crews on said routes.  More importantly, the argument ignores the realities of the ever-changing legal landscape during the COVID-19 pandemic.

Just as with the Federal Contractor Mandate, the Hawaiian Defendants were required to consider the potential operational

16

disruptions that may have been caused given the various laws, regulations, and protocols at play with the large numbers of accommodations requests.  The undue hardship analysis also requires consideration of potential operational disruption caused by accommodations to large numbers of employees at the same time.  <u>Petersen v. Snohomish Reg'l Fire & Rescue</u>, 150 F.4th 1211, 1220 (9th Cir. 2025).

The question before the Court is the legal question of whether the applicable Collective Bargaining Agreements require interpretation in the context of Plaintiffs' requested accommodations and the undue hardship standard.  The question concerns whether the Hawaiian Defendants could have accommodated 71 unvaccinated pilots and 268 unvaccinated flight attendants to continue flying in the context of the COVID-19 pandemic without implicating contractual issues relating to seniority, training, and other terms of employment in the CBAs.  Plaintiffs' attempts to ignore the foreign restrictions cited by the Plaintiffs and underplay the impact and significance of the frequently changing legal landscape governing travel during the pandemic are unavailing.

The Court is not tasked with determining if a foreign restriction cited by Plaintiffs would have hypothetically allowed one of the unvaccinated pilots or flight attendants to fly a specific route at a certain moment in time.  The Ninth Circuit

17

Court of Appeals has explained that it is not for the courts to determine whether a plaintiff's request for an accommodation would actually violate the collective bargaining agreement.  The task of the Court is merely to determine if interpretation of the applicable Collective Bargaining Agreement is required to adjudicate a plaintiff's claim or whether a provision in a CBA **arguably** disposes of a plaintiff's claim.  Schurke, 898 F.3d at 924.

Here, nothing relied upon by the Plaintiffs in their Motions for Leave to File Supplemental Responses would assist the Court in reviewing the pending Motions to Dismiss.

In addition, there is no basis to reopen discovery in this case as requested by Plaintiffs.  Plaintiffs have not identified any evidence they seek that would assist the Court in its adjudication of the Motions to Dismiss.  Discovery has been closed for more than eight months.  Plaintiffs have not established their diligence that is required to demonstrate good cause to allow for additional discovery.  Johnson, 975 F.2d at 608.

Plaintiffs' Motions for Leave to File Supplemental Responses (ECF Nos. 390 and 391) are **DENIED**.

## II.  Motions to Strike

On October 28, 2025, the Court set a briefing schedule as

follows regarding Plaintiffs' request to seek leave to file supplemental responses to the Motions to Dismiss:

> Plaintiffs Espinosa and Saiki may file a Motion for Leave To File a Supplemental Response on or before Wednesday, November 5, 2025.
>
> Defendants shall file a Response to Plaintiffs Espinosa and Saiki's Motion for Leave on or before Wednesday, November 12, 2025....
>
> Plaintiffs O'Hailpin and Aukai may file a Motion for Leave to File a Supplemental Response on or before Thursday, November 6, 2025.
>
> Defendants shall file a Response to Plaintiffs O'Hailpin and Aukai's Motion for Leave on or before Thursday, November 13, 2025.

(ECF No. 389).

On November 20, 2025 and November 21, 2025, Plaintiffs filed Reply briefs without leave of court.  (ECF Nos. 394 and 396).

Defendants filed Motions to Strike the Reply briefs.  (ECF Nos. 395 and 399).

The Court did not allow for Reply briefs to be filed in response to the Motions for Leave to File Supplemental Briefing in its October 28, 2025 Minute Order (ECF No. 389), however, the Court declines to strike the Replies (ECF Nos. 394 and 396).

The Parties are instructed that, going forward, Reply briefing is only permitted where it is specifically ordered by the Court.

Defendants' Motions to Strike (ECF Nos. 395 and 399) are **DENIED**.

19

**CONCLUSION**

Plaintiffs' Motions for Leave to File Supplemental Responses (ECF Nos. 390 and 391) are **DENIED**.

Defendants' Motions to Strike (ECF Nos. 395 and 399) are **DENIED**.

IT IS SO ORDERED.

DATED: December 4, 2025, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Riki O'Hailpin; Nina Arizumi; Robert Espinosa; Erwin Young; Puanani Badiang; Sabrina Franks; Ronald Lum; Dan Saiki; Brandee Aukai vs. Hawaiian Airlines, Inc.; Hawaiian Holdings, Inc., 22-cv-00532 HG-WRP; **ORDER DENYING PLAINTIFFS' MOTIONS FOR LEAVE TO FILE SUPPLEMENTAL RESPONSES TO DEFENDANTS' MOTIONS FOR DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION (ECF Nos. 390 and 391) and DENYING DEFENDANTS' MOTIONS TO STRIKE (ECF Nos. 395 and 399)**