IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RIKI O'HAILPIN; NINA ARIZUMI; ROBERT ESPINOSA; ERWIN YOUNG; PUANANI BADIANG; SABRINA FRANKS; RONALD LUM; DAN SAIKI; BRANDEE AUKAI,<br><br>Plaintiffs,<br><br>vs.<br><br>HAWAIIAN AIRLINES, INC.; HAWAIIAN HOLDINGS, INC.,<br><br>Defendants. | ) | CIVIL NO. 22-00532 HG-WRP<br><br>FINDINGS AND RECOMMENDATION TO GRANT IN PART DEFENDANTS' AMENDED BILL OF COSTS, ECF NO. 435 |

FINDINGS AND RECOMMENDATION TO GRANT IN PART DEFENDANTS' AMENDED BILL OF COSTS, ECF NO. 435

Before the Court is Defendants Hawaiian Airlines, Inc. and Hawaiian Holdings, Inc.'s (collectively, Defendants) Amended Bill of Costs (Amended BOC). See Amended BOC, ECF No. 435; Memorandum in Support of Amended BOC (Amended BOC Memo.), ECF No. 436. Plaintiffs Riki O'Hailpin, Nina Arizumi, Robert Espinosa, Erwin Young, Puanani Badiang, Sabrina Franks, Ronald Lum, Dan Saiki, and Brandee Aukai (collectively, Plaintiffs) filed objections, ECF No. 438, and Defendants filed a reply memorandum. See ECF No. 442. The Court finds the Amended BOC suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States

District Court for the District of Hawaii (Local Rules).

After careful consideration of the Amended BOC, the record in this action, and relevant legal authority, the Court FINDS AND RECOMMENDS that the Amended BOC be GRANTED IN PART.[1] Specifically, the Court recommends denying the taxation of $66,203.14 in costs because the Court already taxed such costs on June 16, 2026. See ECF No. 433. However, the Court recommends taxing the remainder of the requested costs in the amount of $22,172.67, in favor of Defendants.

## RELEVANT BACKGROUND

On May 20, 2026, the Court entered judgment (Original Judgment) in favor of Defendants based on the Court's order granting Defendants' motion for summary judgment as to Plaintiffs Erwin Young, Puanani Badiang, Sabrina Franks, and Ronald Lum. See Judgment in a Civil Case, ECF No. 423. On June 3, 2026, Defendants submitted the original Bill of Costs (Original BOC) as to these specific Plaintiffs. See Original BOC, ECF No. 424 and 425. The Original BOC sought costs in the amount of $66,203.14 (Original Costs). See Original BOC, ECF No. 424. Absent any objection to the Original BOC, the Clerk of Court taxed

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

costs in favor of Defendants in the full amount of $66,203.14. See ECF No. 433.

On June 12, 2026, the Court entered an amended judgment (Amended Judgment) in favor of Defendants and against **all** Plaintiffs, including Plaintiffs Riki O'Hailpin, Nina Arizumi, Robert Espinosa, Dan Saiki, and Brandee Aukai. See Amended Judgment in a Civil Case, ECF No. 429. Thereafter, Defendants filed the Amended BOC for **all** taxable costs incurred in this case, consisting of the $66,203.14 Original Costs that were previously taxed as well as additional costs (Additional Costs) relating specifically to Plaintiffs Riki O'Hailpin, Nina Arizumi, Robert Espinosa, Dan Saiki, and Brandee Aukai. See Amended BOC, ECF No. 435.

The Additional Costs sought in the Amended BOC are comprised of (1) costs of the court reporter and videographer for the depositions of Plaintiffs Riki O'Hailpin, Nina Arizumi, Robert Espinosa, Dan Saiki, and Brandee Aukai, and (2) costs of copies of trial exhibits that were submitted to the Court for Plaintiffs Robert Espinosa and Dan Saiki. See Amended BOC Memo., ECF No. 436 at 2-3. These Additional Costs, which were not included in the Original BOC, total $22,172.67.

Given that the Original Costs were not objected to, were already taxed, and were not challenged on reconsideration, the Court does not address them here and recommends denying them to the extent Defendants seek their

recovery again.[2] As such, the Court addresses below only the Additional Costs in the amount of $22,172.67 that were not included in the Original BOC.

DISCUSSION

Federal Rules of Civil Procedure Rule (FRCP) 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Thus, Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." See Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999). "The presumption itself provides all the reason a court needs for awarding costs, and when a district court states no reason for awarding costs, [the appellate court] will assume it acted based on that presumption." See Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003). "To overcome this presumption, the losing party must 'establish a reason to deny costs.'" See Seven Signatures Gen. P'ship v. Irongate Azrep BW LLC, 871 F. Supp. 2d 1040, 1047 (D. Haw. 2012) (quoting Dawson v. City of Seattle, 435 F.3d

[2] Any attempt to challenge the Original Costs at this time is untimely. See LR 54.1(d) (noting that objections to a bill of costs are due "[w]ithin seven (7) days after a Bill of Costs is served[.]"). Thus, the Court declines to address Plaintiffs' belated argument that they should not be responsible for some of the Original Costs. See Objections to Defendants' Bill of Costs (Objections), ECF No. 438 at 2-3.

1054, 1070 (9th Cir. 2006)).

While courts have discretion to award costs pursuant to Rule 54(d), "courts may tax only those costs defined in 28 U.S.C. § 1920." See Yasui v. Maui Elec. Co., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999) (citations omitted). Section 1920 enumerates costs taxable to a prevailing party:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

As previously noted, the Additional Costs at issue before the Court consist of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" and "[f]ees and disbursements for printing." See Amended BOC, ECF No. 435 at 1.

**A. Deposition Transcripts**

Section 1920(2) permits the taxation of fees for "printed or electronically recorded transcripts necessarily obtained for use in the case." 28

U.S.C. § 1920(2). Similarly, Local Rule 54.1(f)(2) also allows the taxation of "[t]he cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case[.]" Per Local Rule 54.1(f)(2), the deposition need not be used at trial or introduced in evidence so long as, at the time it was taken, "it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery."

Defendants request $19,988.97 for court reporter and videographer costs for the depositions of Plaintiffs Riki O'Hailpin, Nina Arizumi, Robert Espinosa, Dan Saiki, and Brandee Aukai. See Amended BOC, ECF No. 435 at 3-4; Amended BOC Memo., ECF No. 436 at 2-3. Defendants also attach the invoices for these deposition costs to the Amended BOC. See ECF No. 435-1 at 10-17, 20-21.

Plaintiffs object to these costs, arguing "the videographer costs should not be taxed against the Plaintiffs as the Defendants chose to voluntarily take on that cost (underscored by the fact that this Court does not allow for the playing of video depositions)." Objections, ECF No. 438 at 3. Plaintiffs further posit that "[i]t would be inequitable to tax Plaintiffs for costs that were not necessary for the litigation and just something Defendants chose for their own benefit." Id. at 4.

Importantly, this Court's Local Rules expressly allow recovery of the cost of "a stenographic and/or video" deposition transcript that is "necessarily

obtained for use in the case[.]" LR 54.1(f)(2) (emphasis added). Given this express allowance, this Court has previously permitted the taxation of costs for both stenographic and video depositions over objections that costs for only one format should be allowed. See Walsh v. Bowers, No. CV 18-00155 SOM-WRP, 2022 WL 355126, at *8 (D. Haw. Feb. 7, 2022) ("Given the express allowance in this court's local rules for an award of taxable costs for both stenographic and video deposition expenses, this court rejects the Government's argument that costs for only one format should be allowed, not both."). Furthermore, the deposition transcripts at issue were necessarily obtained for use in the case because they were "necessary for: (1) potential cross examination of Plaintiffs and Plaintiffs' experts; and (2) potential unavailable Hawaiian witnesses[.]" Defendants' Reply, ECF No. 442 at 6. In light of the foregoing, the Court finds that the $19,988.97 in court reporter and videographer costs for the depositions of Plaintiffs Riki O'Hailpin, Nina Arizumi, Robert Espinosa, Dan Saiki, and Brandee Aukai are appropriate for taxation under FRCP 54(d)(1), 28 U.S.C. § 1920(2), Local Rule 54.1(f)(2).

**B. Copying Costs**

Section 1920(4) allows for taxation of costs for "making copies of any materials where the copies are necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(4). Local Rule 54.1(f)(4) similarly allows for "[t]he cost of copies necessarily obtained for use in the case" where the party requesting copying costs

submits "an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied." See LR 54.1(f)(4). This Court allows taxation of copies at $0.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable. See id.

In the Amended BOC, Defendants seek to recover $2,183.70 in costs for copies of trial exhibits for Plaintiffs Robert Espinosa and Dan Saiki. See Amended BOC, ECF No. 435 at 7; Amended BOC Memo., ECF No. 436 at 3. Specifically, these copies were for Trial Exhibits 2000 to 2381, totaled 14,558 pages, and included copies for the Court and for Plaintiffs' counsel. See Amended BOC, ECF No. 435 at 7. These copies were charged at $0.15 per page. See id. Plaintiffs do not object specifically to these copy costs, and the Court finds that they are appropriate for taxation under FRCP 54(d)(1), 28 U.S.C. § 1920(4), and Local Rule 54.1(f)(4).

C. **Reduction of Defendants' Costs**

Plaintiffs also contend that "good cause exists to reduce Defendants' cost request significantly." See Objections, ECF No. 438 at 4. Relying on the Escriba factors, Plaintiffs contend that this case raises an issue of substantial public importance, the issues were "close and difficult," and considering the economic disparity between the parties, allowing costs would have a chilling effect on future

similar actions. Id. at 4-5 (citing Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247-48 (9th Cir. 2014)). Defendants dispute that a reduction of costs is warranted. See Reply, ECF No. 442 at 6-7.

The Ninth Circuit has recognized the following reasons for denying costs: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." Escriba, 743 F.3d at 1247-48 (citation omitted). The Escriba factors are "not an exhaustive list of good reasons for declining to award costs, but rather a starting point for analysis." Id. at 1248 (internal quotations omitted) (citation omitted).

Even considering the Escriba factors, the Court finds that Plaintiffs do not overcome the "presumption in favor of awarding costs to" Defendants. See Stanley, 178 F.3d at 1079 (citation omitted). The claims in this case were not "subject to closer scrutiny or special interest by the court, or . . . have ramifications beyond the parties and concerns immediately involved in the litigation." Zarco v. VWR Int'l, LLC, No. 20-CV-00089-HSG, 2021 WL 5918399, at *2 (N.D. Cal. Dec. 15, 2021) (citation and internal quotation marks omitted) ("a case is considered to be of substantial importance 'when the claims involved are subject to closer scrutiny or special interest by the court, or the issues

raised in the litigation have ramifications beyond the parties and concerns immediately involved in the litigation'" (citation and internal quotation marks omitted)). Indeed, numerous cases throughout the country challenged COVID-19 vaccination policies at places of employment. Further, although this case has a complicated procedural history and resulted in numerous dispositive orders, the issues were not so close or difficult to warrant denying Defendants their deposition and copying costs. Finally, as to the last three Escriba factors, Plaintiffs provide only conclusory statements that the factors are met. Without more, the Court finds that the presumption in favor of costs has not been overcome in this case. Accordingly, the Court recommends that Defendants be awarded the remaining balance of their taxable costs in the amount of $22,172.67.

## CONCLUSION

The Court finds and recommends that Defendants' Amended Bill of Costs be GRANTED IN PART, see ECF No. 435. Specifically, the Court recommends denying the Original Costs in the amount of $66,203.14 that were previously taxed, ECF No. 433. The Court recommends taxing the remainder of costs in the amount of $22,172.67 in favor of Defendants.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, August 26, 2026.

Wes Reber Porter
United States Magistrate Judge

Riki O'Hailpin; Nina Arizumi; Robert Espinosa; Erwin Young; Puanani Badiang; Sabrina Franks; Ronald Lum; Dan Saiki; Brandee Aukai vs. Hawaiian Airlines, Inc.; Hawaiian Holdings, Inc., 22-cv-00532 HG-WRP; FINDINGS AND RECOMMENDATION TO GRANT IN PART DEFENDANTS' AMENDED BILL OF COSTS, ECF NO. 435.